### LODI CHEMICAL CO. v. NATIONAL LEAD CO. et al.

(Supreme Court, Appellate Division, First Department.    June 9, 1899.)

1. CORPORATIONS—INSOLVENCY—FRAUDULENT PREFERENCES—DISTRIBUTION OF ASSETS.

Under Stock Corporation Law (Laws 1892, c. 688) § 48, declaring that preferential conveyances, payments of money, allowance of judgment, or the giving of liens or securities, when a corporation is insolvent or its insolvency is imminent, shall be invalid as against creditors, and that every person receiving by means of any prohibited act or deed any property of a corporation shall be bound to account therefor to its creditors or stockholders or their trustees, a creditor is not entitled, on setting aside preferences, to priority of payment over other creditors, where no individual lien has been acquired which would give him priority.

2. SAME—RIGHTS OF CREDITORS.

That other creditors have not made themselves parties before judgment to an action to set aside preferences void under Stock Corporation Law (Laws 1892, c. 688) § 48, does not deprive them of their distributive shares in the assets of their debtor.

Appeal from supreme court, special term, New York county.

Action by the Lodi Chemical Company against the National Lead Company and others to set aside fraudulent preferences.    There was a judgment for plaintiff (54 N. Y. Supp. 668), and defendant National Lead Company appeals from a part of said judgment.    Modified.

Argued before PATTERSON, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William C. Prime, for appellant.
P. Q. Eckerson, for respondent.

PATTERSON, J.    This is an appeal by the defendant the National Lead Company from part of a judgment entered against it upon the decision of the cause at special term.    The action was brought by a judgment creditor of the Charles H. Pleasant Company to set aside

certain transactions and judicial proceedings which resulted in the National Lead Company obtaining a preference over all the other creditors of the Charles H. Pleasant Company and placing the assets of that company beyond the reach of such other creditors, including the plaintiff. In the complaint herein it is alleged that the action is brought on behalf of the plaintiff and all other creditors of the Charles H. Pleasant Company, and that there are a great many creditors of that company who stand in the same position as the plaintiff, and who are entitled to the same relief as that demanded in this action, and that they are so numerous that they cannot be joined as plaintiffs or defendants, and that some of their names are unknown to the plaintiff, and cannot with diligence be obtained.

The action is based upon section 48 of the stock corporation law of 1892, which, after declaring that certain preferential conveyances, assignments, and transfers of property or payments of money or allowance of judgment or the giving of liens or securities, when a corporation is insolvent or its insolvency is imminent, shall be invalid as against creditors, enacts that every person receiving, by means of any prohibited act or deed, any property of a corporation, shall be bound to account therefor to its creditors or stockholders or other trustees. By the judgment entered in this case, the acts and transactions which resulted in the defendant the National Lead Company acquiring a preference were declared to be invalid, and all the instrumentalities by which that preference was effected were adjudged void. A receiver was appointed to take into his possession the assets of the company and the moneys or property acquired by the National Lead Company through the transactions adjudged invalid, and from that much of the judgment no appeal is taken. In the judgment, however, is inserted a provision that the receiver therein and thereby appointed shall apply the property, goods, and chattels of the Charles H. Pleasant Company that may come into his hands, "first, to the payment to the plaintiff of the amount of a certain judgment obtained by the said Lodi Chemical Company against the Charles H. Pleasant Company in the city court of New York on the 6th day of May, 1897, for the sum of twelve hundred and nineteen $^{23}/_{100}$ dollars, with interest thereon since May 6, 1897." The defendant company appeals only from so much of the judgment as is contained in that direction to pay. This provision of the judgment does not follow the decision made and filed by the justice at special term. There is no adjudication in that decision that the plaintiff is entitled to the payment of its judgment in priority to any other creditor. In the filed decision the learned judge decides only that the preference to the National Lead Company is void, and that all the judicial and other proceedings through and by means of which that preference was furthered or secured are invalid, and he directed that a receiver of the property should be appointed, to whom those in possession of that property should be required to account. In that decision no direction whatever is given for distribution of the moneys in the hands of the receiver.

It is claimed, however, by the respondent that, no other creditor of the Charles H. Pleasant Company having appeared in this action,

it is entitled to the payment of its judgment, and that the only relief it needed was payment of its judgment, and that under a prayer for general relief in the complaint the court was warranted in granting it.   It is claimed that such relief was authorized by what was decided in Lopez v. Bank, 18 App. Div. 427, 46 N. Y. Supp. 91; but that case does not control.   That was an action in aid of an attachment and to prevent the application of attached property to the payment .of prior liens acquired in violation of the provisions of section 48 of the stock corporation law.   The court said that the plaintiffs were authorized to maintain the action, with the view of removing the fraudulent obstructions upon the property of the corporation which would prevent those plaintiffs from realizing upon their attachment, —citing Home Bank v. J. B. Brewster & Co., 15 App. Div. 342, 44 N. Y. Supp. 54.   It is true that the court also says that the plaintiffs in the Lopez Case occupied very much the situation they would have been in if the moneys had been paid over to the condemned defendants and their action had been for the recovery of the money, and that the plaintiffs were authorized to maintain the action in their own behalf and by their diligence to receive the fruit thereof, without joining other creditors.   Nevertheless it was an action in aid of an attachment.   There was a lien to be protected and enforced, and the plaintiffs could follow their lien.   In the present action all the transactions and all the proceedings of which the plaintiff complains were had and concluded before the recovery of the plaintiff's judgment and the issuance of its execution.   When this action was begun, the plaintiff stood in the attitude of a judgment creditor having the right to call the defendant to account for what had been received under the void preference.   If it stood in the relation of a judgment creditor filing a creditors' bill, the Charles H. Pleasant Company being a domestic corporation, as is stated in the complaint, the plaintiff could not procure a judgment for the preferential payment of its debt under the provisions of the Code of Civil Procedure relating to judgment creditors' actions; for, according to section 1879, the article of the Code relating to such actions does not apply to a case where the judgment debtor is a corporation created by or under the laws of the state of New York.   But this action is founded directly upon the permission of the forty-eighth section of the stock corporation law.   The fraudulent preference is alleged to have been in contemplation of the insolvency of the Charles H. Pleasant Company, and the question is whether, under that act, a creditor suing as this plaintiff does is entitled, upon setting aside preferences void under that act, to secure to itself priority of payment over other creditors.   A diligent creditor pursuing his remedy, and for the enforcement only of his own right, may be ordinarily entitled to preference; but in an action based on this statute, where no individual lien has been acquired which would give priority, the purpose and object of the statute must be considered.   In its present form, the forty-eighth section of the stock corporation law is a re-enactment, with some amplification and a wider scope, of a provision of the Revised Statutes (1 Rev. St. p. 603).   The policy underlying each statute is the same, viz.:

"The object to be accomplished by it is to secure equality among all creditors of a corporation and to prevent fraudulent transfers in derogation or in fraud of its rights." O'Brien v. Bridge Co., 36 App. Div. 24, 55 N. Y. Supp. 206.

In Hilton v. Ernst, 38 App. Div. 95, 57 N. Y. Supp. 908, it is said in the opinion of the referee, adopted by the court as its own:

"The statute constitutes an assurance to all who deal with the corporation, in case it becomes insolvent, that no creditor will be permitted to acquire a preference over other creditors in the distribution of its assets. It distinctly notifies all its creditors that diligence will not be rewarded nor favor ratified."

Under the statute as it read before the act of 1892, it was held that its general object is plain, namely, to secure equality among creditors and to prevent fraudulent transfers in fraud of their rights. Throop v. Lithographic Co., 125 N. Y. 533, 26 N. E. 742. The underlying purpose of the statute, therefore, being to secure equality among creditors, that purpose should be effectuated, and not destroyed. It is true that it is not the purpose and intention of this statute to prevent creditors pursuing the ordinary remedies open to them for the enforcement of their rights against debtors (Varnum v. Hart, 119 N. Y. 101, 23 N. E. 183); but, as a judgment creditor seeking to enforce its rights against the Pleasant Company, this plaintiff, in a judgment creditor's action, would be limited by the provisions of the Code of Civil Procedure above referred to. No right of action that it would have as such judgment creditor is interfered with by this construction of the statute. If the design and purpose of the forty-eighth section are to secure equality among creditors, it would be inconsistent to allow one creditor, by means of the right of action given by the statute, to gain that preference through the law which another creditor is prohibited from getting directly from the debtor by the same law. It would be inconsequent to hold that by means of a suit brought by one creditor against another, upon a statute intended to secure equality of distribution, the creditor suing could secure preference to himself and defeat the purpose of the statute. The case is not one in which it appears that no other creditors are interested and that there are no other debts to be paid. We need not consider whether the National Lead Company is entitled to a dividend on its debt from this same fund. It does appear that there are numerous creditors who are entitled to participate in the property and assets of the Pleasant Company. It is so declared in the complaint, and, although none of those creditors may have made themselves parties to the action before judgment, that is not sufficient to deprive them of their distributive shares in the assets of their debtor. The judgment will then be one under article 3, §§ 1784–1796, of the Code; and, under section 1793 of the Code, the final judgment must provide for the equal distribution of the property among the creditors of the corporation.

We are therefore of the opinion that the judgment should be modified by striking out the provision directing the receiver to pay the plaintiff's judgment. The question of costs and of compensation to the plaintiff to be reserved until final judgment. All concur.