AKTIESELSKABET CHRISTIANSSAND, Plaintiff, *v.* FEDERAL STEAM-SHIP CORPORATION and Others, Defendants.

Supreme Court, New York Special Term, October, 1923.

Corporations — pleadings — when plaintiff has right to assume that capital of corporation has not been depleted by conduct of directors and may maintain action under Stock Corporation Law, section 28 — complaint construed as one seeking to make directors of corporation respond for illegal distribution of capital of corporation rather than one seeking to set aside fraudulent transfer — when objection of failure to designate action as representative one is obviated.

A complaint lacking the usual allegations of intent to hinder, delay and defraud, alleged the consummation of a scheme by which all the assets of the defendant corporation were illegally divided among the individual defendants, intent to continue its business and the continuance thereof without disclosure to plaintiff, who has recovered judgment for a breach of contract thereafter made. Upon the denial of a motion to dismiss the complaint, *held*, that plaintiff had the right to assume that the capital of the defendant corporation had not been depleted by the illegal conduct of its directors and could maintain the present action under section 28 of the Stock Corporation Law.

The complaint was to be judged solely as one seeking to make the defendant directors respond to plaintiff for the illegal distribution of the capital of the defendant corporation and not as one seeking to set aside a fraudulent transfer, and the purely technical objection of the mere failure to describe the action as representative was no ground for dismissing the complaint as the objection was obviated by sections 192, 193 and 278 of the Civil Practice Act and rule 106 of the Rules of Civil Practice.

MOTION to dismiss complaint.

*Kirlin, Woolsey, Campbell, Hickox & Keating* (*Clement C. Rinehart,* of counsel), for plaintiff.

*Humes, Buck & Smith* (*Albridge C. Smith,* of counsel), for defendant New York Trust Company, executor.

*Bullowa & Bullowa* (*Charles C. Sandlers,* of counsel), for defendants Boulton and Boulton Estate.

PROSKAUER, J. Complaint alleges consummation of a scheme by which all assets of Federal Steamship Corporation were illegally divided among the individual defendants, intent to continue the business and continuance without disclosure of such conduct to plaintiff, who has recovered judgment for breach of a contract

thereafter made. This scheme gave a cause of action to creditors whose claims existed at the time of the depletion of the capital. *Selson Engineering Co., Ltd., v. Federal Steamship Corp.,* N. Y. L. J. June 26, 1923.

The sole question raised by this motion to dismiss the complaint is whether a judgment creditor whose claim arose out of a contract thereafter made can maintain an action under section 28 of the Stock Corporation Law. That a subsequent creditor can maintain an action to set aside a fraudulent transfer made with intent to defraud subsequent creditors is undoubted. This complaint, however, lacks the usual allegations of intent to hinder, delay and defraud, and plaintiff's counsel assumed the position that his complaint is to be judged solely as one seeking to make directors respond to a subsequent creditor for illegal distribution of the capital of the corporation and not as one which seeks to set aside a fraudulent transfer. *Cottrell* v. *Albany Card & Paper Mfg. Co.,* 142 App. Div. 148, strongly sustains the complaint. Indeed, defendant New York Trust Company concedes this, arguing merely that it is out of harmony with the weight of authority. The defendants rely on *Lummis* v. *Crosby,* 176 App. Div. 315; 181 id. 884; affd., 224 N. Y. 611, which at first glance seems to overrule the *Cottrell* case. The complaint adjudged insufficient by the Court of Appeals was not the one before the Appellate Division in 176 Appellate Division, 315, and there is no reported opinion discussing it. Examining that complaint itself and also the earlier complaint, I find that both lack any allegation either of fraudulent transfer or of depletion of capital. While there is great conflict in the cases, reason and the weight of authority favor plaintiff's contention that a subsequent creditor can rely upon the assumption that the capital of a corporation has not been depleted by illegal conduct of the directors.

The legislature requires a corporation which puts a par value on its shares to obtain payment of issued capital in cash or its equivalent. The corporation then has a specified amount of capital, which the legislature intended as a margin of safety for creditors. Subsequent creditors should not be defrauded by the secret illegal impairment of this margin. *Cottrell* v. *Albany Card & Paper Mfg. Co., supra; Mackall* v. *Pocock,* (Minn.) 161 N. W. Rep. 228; L. R. A. 1917C, 390; *Williams* v. *Boice,* 38 N. J. Eq. 364; *Coleman* v. *Tepel,* 230 Fed. Rep. 63; *Jesson* v. *Noyes,* 245 id. 46; *North* v. *Union Savings & Loan Assn.,* 59 Ore. 483; 117 Pac. Rep. 822; *Hodde* v. *Nobbe,* (Mo.) 221 S. W. Rep. 130; *Coleman* v. *Booth,* 268 Mo. 64; *Johnson* v. *Canfield-Swiga.. Co.,* 292 Ill. 101; 2 Morawetz Priv. Corp. (2d ed.) §§ 824, 827; 2 Cook Corp. (7th ed.) § 548; 8 Fletcher Cyc. Corp. § 5056, p. 8670; Id. § 5058, p. 8675.

Most of the cases cited by defendants discuss merely the equitable trust fund theory and not a specific statutory provision such as section 28.

Defendants also claim that the action should be a representative one. There was such an intimation in *Schwartzreich* v. *Beauman*, 112 Misc. Rep. 464. The case, however, holds only that plaintiff could not sue at law. If it shall be made to appear that there are any other creditors similarly situated, the court has abundant power to bring them in and protect not only their rights, but the rights of defendants. Civ. Prac. Act, §§ 192, 193. The mere failure to describe the action as representative is no ground for dismissing the complaint. Such purely technical objections are obviated by sections 192, 193 and 278 of the Civil Practice Act and rule 106 of the Rules of Civil Practice.

One defendant cites *DeRaismes* v. *U. S. Lith. Co.*, 161 App. Div. 781, for the proposition that section 28 of the Stock Corporation Law does not apply to foreign corporations. This case is overruled by *German-American Coffee Co.* v. *Diehl*, 216 N. Y. 57, which holds that section 70 of the Stock Corporation Law makes section 28 effective as to any corporation transacting business in this state.

Motions denied, with ten dollars costs.

Ordered accordingly.