JOHN S. LANE & SON, INC., Respondent, v. COUNTY OF WESTCHESTER et al., Defendants, MERSON CONSTRUCTION CORPORATION et al., Appellants, and KALMAN STEEL CO., INC., Respondent.

**Debtor and creditor — assignment — corporations — Lien Law — assignment by corporation with intent to prefer voidable at instance of later lienors — prohibition not relieved by requirement of Lien Law that assignment of moneys due under building contract must be filed — transfer not validated by fact that assignee might have filed a lien for the debt secured by the assignment — lienors may challenge assignment w thout surrendering their own liens — court may adjust equities of all parties in action to foreclose mechanic's lien.**

1. An assignment made by a corporation with the intent of giving a preference to one creditor over others is subject to the prohibition of section 15 of the Stock Corporation Law (Cons. Laws, ch. 59) and is vo dable at the instance of later lienors.

2. Nothing in section 16 of the Lien Law (Cons. Laws, ch. 33) relieves an assignment of moneys due under a building contract from prohibitions applicable to assignments generally. The right to prefer when the assignor is insolvent or when insolvency is imminent is neither increased nor diminished

3. The fact that the assignee might have filed a ien for the debt secured by the assignment, and thus have won a preference by varying the form of the security, does not avail to validate the transfer. What the statute condemns is the voluntary act of the corporation with intent to work a preference. The act is no less wrongful because a creditor acting of his own mot on might be able to secure a preference by proceedings *in invitum*.

4. An argument that l enors may not be permitted to challenge an assignment as an unlawful preference without surrendering their own liens, however lawfully obta ned, cannot be upheld. The aim of the statute is not absolute equality among creditors but equality among creditors of the same class or order.

5. The court is empowered, in an action to foreclose a mechanic's lien, to " adjust and determine the equities of all the parties to the action." (Lien Law, § 45; Cons. Laws, ch. 33.)

*Lane & Son* v. *County of Westchester*, 220 App. Div. 773, affirmed.

(Argued May 4, 1928; decided May 29, 1928.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 6, 1927, unanimously affirming a judgment entered upon a decision of the court on trial at Special Term in an action to foreclose a mechanic's lien.

*William A. Hyman* and *Adolph Bangser* for Merson Construction Corporation et al., appellants.   The assignment at bar, valid under the Lien Law, is not affected by the provisions of the Stock Corporation Law.   (*Giant Portland Cement Co.* v. *State,* 232 N. Y. 395; *Riverside Contracting Co.* v. *City of New York,* 218 N. Y. 611; *Bates* v. *Salt Springs National Bank,* 157 N. Y. 322; *German Co.* v. *Diehl,* 216 N. Y. 57; *Post & McCord* v. *City of New York,* 166 App. Div. 919; *Willard Co.* v. *City of New York,* 81 Misc. Rep. 48.)

*Carl Sherman* for Peck Coal Corporation, appellant. The assignments permitted by section 16 of the Lien Law do not come within the meaning of section 15 of the Stock Corporation Law dealing with illegal transfers. (*Post & McCord* v. *City of New York,* 86 Misc. Rep. 300; 166 App. Div. 919.)

*Jeremiah D. Toomey* for plaintiff-respondent.    The assignment from the Merson Construction Corporation to the Peck Coal Corporation was a violation of section 15 of the Stock Corporation Law, and for that reason is invalid and void.   (*Abrams* v. *Manhattan Consumers Brewing Co.,* 142 App. Div. 392; *Ferry* v. *Central N. Y. Bank,* 15 How. Pr. 445; *Denike* v. *New York, etc., Lime, etc.,* 80 N. Y. 599; *Harrocks Desk Co.* v. *Fangel,* 71 App. Div. 313; *Baker* v. *Emerson,* 4 App. Div. 348; *New Britain Nat. Bank* v. *Cleveland Co.,* 91 Hun, 477; 158 N. Y. 722; *Davis* v. *Seneca Falls Mfg. Co.,* 17 Fed. Rep. [2d] 546.)

*W. Randolph Montgomery* for defendant-respondent. The assignment to the Peck Coal Corporation is void as in violation of the provisions of section 15 of the Stock Corporation Law. (*Grandison* v. *Robertson,* 145 C. C. A. 605; *Abrams* v. *Manhattan Consumers Brewing Co.,* 142 App. Div. 393; *Brouwer* v. *Harbeck,* 9 N. Y. 589; *Ferry* v. *Central N. Y. Bank,* 15 How. Pr. 445; *Denike* v. *New York, etc., Lime, etc., Co.,* 80 N. Y. 599; *Harrocks Desk Co.* v. *Fangel,* 71 App. Div. 313; *Baker* v. *Emerson,* 4 App. Div. 348; *Caesar* v. *Bernard,* 156 App. Div. 724; 209 N. Y. 570; *Cole* v. *Millerton Iron Co.,* 133 N. Y. 164.)

*Per Curiam.* Action for the foreclosure of a mechanic's lien.

Frank G. Fowler, having contracted with the county of Westchester for the construction of a public improvement, assigned his interest in the contract to the Merson Construction Company. Some months thereafter the latter corporation, being then insolvent, assigned the moneys due or to grow due under its contract to the Peck Coal Corporation, to which it was then indebted for materials and advances in the sum of $46,390.64. Heyel, the president of the Merson Company, was also the general manager of the Peck Company. The evidence is ample that the assignment was made by the assignor corporation with the intent of giving a preference to one creditor over others, and that such was its effect.

We think an assignment so made is subject to the prohibition of Stock Corporation Law (Cons. Laws, ch. 59), section 15, and is voidable at the instance of later lienors. Nothing in section 16 of the Lien Law (Cons. Laws, ch. 33) relieves an assignment of moneys due under a building contract from prohibitions applicable to assignments generally. Section 16, instead of working an enlargement of any right of assignment that would exist without it, is a new restriction on the right; the assignment must be filed in a public office, so that

1928.]              Opinion, *Per Curiam.*              [248 N. Y. 298]

materialmen and laborers, future as well as past, may have notice of its existence. The right to prefer when the assignor is insolvent or when insolvency is imminent, is neither increased nor diminished. If the assignor is a natural person, a preference is lawful, unless bankruptcy supervenes, in which event the validity of the preference is governed by the Federal statute. If the assignor is a corporation, a preference is condemned by section 15 of the Stock Corporation Law irrespective of the nature of the subject-matter affected by the transfer.

The argument is made that the assignee might have filed a lien for the debt secured by the assignment, and thus have won a preference by varying the form of the security. We think this circumstance does not avail to validate the transfer. What the statute condemns is the voluntary act of the corporation with intent to work a preference. The act is no less wrongful because a creditor acting of his own motion might be able to secure a preference by proceedings *in invitum.* In point of fact, this creditor did file a notice of lien, but the notice was defective, and the lien was thus defeated. The statute gives a lien upon compliance with certain conditions. To uphold a prohibited assignment upon some theory of equivalence would amount to the creation of a lien in disregard of the prescribed conditions.

The argument is also made that lienors may not be permitted to challenge an assignment as an unlawful preference without surrendering their own liens, however lawfully obtained. We cannot yield assent. The aim of the statute is not absolute equality, but equality among creditors of the same class or order (cf. *Lodi Chemical Co.* v. *National Lead Co.*, 41 App. Div. 535, 537, 538). As well might one argue that it would be the duty of an employee of a corporation before attacking an unlawful preference to renounce the advantage of his own preference for wages (*People* v. *Remington & Sons*, 121 N. Y. 328).

The court is empowered in this action of foreclosure to " adjust and determine the equities of all the parties to the action " (Lien Law, section 45).

Other objections have been considered and have been found to be untenable.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; POUND, J., not sitting.

Judgment affirmed.