BENJAMIN NEWMAN, Appellant, Respondent, *v.* MEISEL-GALLAND Co., INC., and Others, Respondents, Impleaded with ABRAHAM MESKIN and Another, Respondents, Appellants.*

First Department, November 18, 1932.

*Emanuel S. Cahn,* for the plaintiff.

*Leonard Acker* of counsel [*Rubinton & Coleman,* attorneys], for the defendants Abraham Meskin and Max Meskin.

*Ethan R. Kayes,* for the respondents Meisel-Galland Co., Inc., and others.

SHERMAN, J. Plaintiff, after a trial, became entitled, by virtue of a jury's verdict, to enter judgment against defendant Meisel-Galland Co., Inc., which was then insolvent. Immediately after the verdict was rendered and before a judgment could be entered upon the jury's verdict, that corporation confessed judgment to respondents Joseph H. Lowenstein & Sons, Inc., and Meskin Brothers, to whom it owed sums of money.

Respondents issued execution upon the confessed judgments to the sheriff of Kings county, who levied upon the property of the judgment debtor. Thereafter plaintiff, having entered his judgment against that debtor in New York county, filed a transcript in the county of Kings and issued execution to the sheriff of that county, which was returned unsatisfied. Claiming that section 15 of the Stock Corporation Law (as amd. by Laws of 1929, chap. 653) rendered the judgments confessed by the insolvent corporation void because it had thereby created preferences, plaintiff brought this action as a judgment creditor to set aside the confessed judgments, to the end that he might, under the execution issued upon his judgment, become entitled to the property seized by the sheriff.

Meanwhile, the parties stipulated that the sheriff should sell the property under his levy and that the proceeds be held to await the determination of this action.

When the sheriff received the executions and made his levy, plaintiff thereby secured a lien upon such property of the judgment debtor as was seized by the sheriff, subject only to such liens as accrued in favor of respondents if their judgments were held valid.

The learned Special Term has found that the two confessed judgments were in contravention of section 15 of the Stock Cor-

poration Law, and has declared them invalid. Having reached that conclusion and having set them aside, the court proceeded further and directed that the proceeds of sale realized by the sheriff under execution should be divided ratably between respondents, whose judgments had been set aside, and plaintiff, the only remaining judgment creditor who possessed the only judgment upon which execution to the sheriff could validly have issued. This conclusion was based in part upon a finding that the judgments were confessed for actual debts and were not fraudulent in character, although there is a finding that they were suffered by the judgment debtor with the intent to create preferences.

If the insolvent corporation had desired to have its property divided fairly among its creditors, it could, prior to the entry of plaintiff's judgment, have made an assignment for the benefit of creditors, or thereafter filed its petition in bankruptcy, so that all of its assets could be marshalled for equal distribution among all of its creditors. This course it did not pursue. It sought to prefer the respondents by hastily endowing them with judgments by confession so that plaintiff would receive nothing. By this method it was intended that the favored creditors with confessions of judgment would take the corporation's property by sheriff's levy and prevent the plaintiff from realizing anything upon his judgment.

Plaintiff here had, through the execution issued to the sheriff, secured a valid lien upon the property of his judgment debtor (*Home Bank* v. *Brewster & Co.*, 15 App. Div. 338), not by reason of favoritism on the part of the insolvent judgment debtor, but by resort to the established processes of law.

That lien resting upon a valid judgment and execution is not to be set aside or diminished because through the insolvency of the corporation which was liable to plaintiff, its enforcement may result in giving him a preference over less diligent creditors. (*Lopez* v. *Campbell*, 163 N. Y. 340, 346; *Varnum* v. *Hart*, 119 id. 101.)

Reliance is placed by respondents upon two cases which are cited as justifying the court in reaching the conclusions embodied in the judgment below.

In *Hilton* v. *Ernst* (38 App. Div. 94; affd., 161 N. Y. 226) the action was by a receiver of a corporation to compel defendants who were creditors of that corporation to account to him for the benefit of all creditors, because defendants were in possession of property transferred to them by the insolvent corporation in such a manner as to give them a preference. Whatever interest they had in the property of that insolvent corporation was obtained by virtue of its favor and not, as here, by the ordeal of a law suit.

In *Lodi Chemical Co.* v. *National Lead Co.* (41 App. Div. 535)

plaintiff, a judgment creditor of the insolvent corporation, brought its action under section 48 of the then Stock Corporation Law on behalf of itself and all other creditors similarly situated to set aside transactions and judicial proceedings which had resulted in defendant's obtaining a preference over other creditors and placing the assets beyond the reach of such creditors. Apparently the transactions and proceedings so attacked were held void because the insolvent had endeavored to prefer defendant by acts performed by the insolvent in contemplation of its insolvency. In depriving the plaintiff here of the full amount of his lien and the fruits of his victory, the court has treated him as if he were the recipient of a preference voluntarily granted to him. In the cases above cited the advantages which were set aside were obtained, not by contest, but through favor.

We hold that the judgment, in so far as appealed from by the plaintiff, should be reversed, with costs, and judgment entered directing that the funds realized upon the sheriff's sale under execution be paid over to plaintiff, and the judgment so far as appealed from by the defendants Meskin should be affirmed.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment so far as appealed from by the plaintiff reversed, with costs, and judgment directed that the funds realized upon the sheriff's sale under execution be paid over to plaintiff, and that the judgment so far as appealed from by the defendants Abraham Meskin and Max Meskin be affirmed. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.