RICHARD L. WHALEN and HARRY OTTO, Respondents, v. ALVAH G. STRONG and Others, Appellants, and MARJORIE H. STRONG, Defendant.— Judgment modified to make judgment interlocutory and to provide for further hearing at Special Term to determine as to the loss sustained by plaintiffs, and as modified affirmed, without costs. Memorandum: Inasmuch as the deficiency judgment upon which plaintiffs' rights are based was entered and execution issued and returned unsatisfied before the instant action was brought, recovery cannot be denied plaintiffs because the action is not a representative one or because plaintiffs' deficiency judgment did not precede the transfer of the East avenue property to defendant Alvah G. Strong. (*Buckley* v. *Stansfield*, 155 App. Div. 735; affd., 214 N. Y. 679; *Caesar* v. *Bernard*, 156 App. Div. 724; affd., 209 N. Y. 570; *Newman* v. *Meisel-Galland Co., Inc.*, 237 App. Div. 95; affd., 261 N. Y. 651.) However, if there are other creditors situated as these plaintiffs are situated, *i. e.*, creditors who could recover upon their claims against these defendants, plaintiffs should not be allowed to recover in this action their whole deficiency judgment necessarily, but only their "loss sustained" (Stock Corp. Law, § 15), *i. e., pro rata* along with other creditors similarly situated. (*Buckley* v. *Stansfield, supra; Caesar* v. *Bernard, supra.*) Upon the record before us we are unable to arrive at a conclusion satisfactory to us as to the existence and status of other creditors. Therefore, we are remitting the action to the Special Term to take further proof as to any other creditors and the character and amount of their claims and to make such creditors parties to this action — in order that a complete final judgment may be entered. All concur. (The judgment declares fraudulent as to plaintiffs a transfer of realty.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

GEORGE H. MILEM and Others, as Trustees of THE GAVITT NATIONAL BANK OF LYONS, etc., Respondents, v. FREDERICK A. GANSZ, Also Called FRED GANZ, and Others, Defendants, and CARRIE E. GANSZ and HARRY FRANK, as Trustee in Bankruptcy of FREDERICK A. GANSZ, Bankrupt, Appellants.— Judgment affirmed, with costs. All concur. (The judgment declares mortgage a valid lien and directs foreclosure.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

ALBERT FREY, as Administrator, etc., of JOHN DITTMAN, Deceased, Respondent, v. ALEXANDER SIERAKOWSKI, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order enjoins interference with an execution against the person. (Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

JOSEPH ZITO, Appellant, v. ROSE ZITO, Respondent.— Order modified and as modified affirmed, without costs. All concur. (The order frames issues of fact for trial by jury, in an action for separation.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.