ABRAHAM JACOBS and GERTRUDE SUSSKIND, Respondents, v. SAMUEL TANNENBAUM and IDA SHAPIRO, Also Known as IDA TANNENBAUM, Appellants.— On appeal from an interlocutory judgment in an action to set aside a transfer as in violation of section 44 of the Personal Property Law, interlocutory judgment modified by striking the words " and trustee " from the provision decreeing appellant Ida Shapiro a receiver and holding her accountable to creditors; by striking out the provision for the appointment of a receiver of the merchandise, fixtures, good will, etc., now located in the drug store, and by inserting the following provision in that part of the judgment dealing with the accounting, after the words " at the sale of July 8, 1932," viz., " upon appropriate notice given to all creditors of defendant Samuel Tannenbaum existing on the 8th day of July, 1932, in so

far as they can be ascertained after examination of defendant Samuel Tannenbaum by the Official Referee for that purpose." As so modified, the interlocutory judgment is unanimously affirmed, without costs. We are of opinion that the characterization of appellant Ida Shapiro as a trustee is improper. A receivership of the merchandise, fixtures, good will, etc., of the drug store as now located is not warranted under section 44 of the Personal Property Law. The provision as to notice will enable the other creditors, if any, to present their claims for the purpose of ascertaining the total, and will also put them on notice to take such proceedings as they may be advised. In view of the nature of this business and the lapse of time between the transfer and the entry of judgment, we are of opinion that the provisions for personal judgment against the transferee were proper. Conclusions of law inconsistent herewith are reversed. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ. Settle order on notice.