THORNE NEALE & Co., INC., et al., Respondents, and BATON COAL COMPANY, Plaintiff, v. NEW YORK SOUTHERN COAL TERMINAL CORPORATION et al., Appellants.— Defendants Tidewater Coal Docks Corporation, Harkavy and Goorin appeal from a money judgment entered against them in an action brought by plaintiffs, as judgment creditors of defendant New York Southern Coal Terminal Corporation, to set aside transfers made by that corporation to defendant Tidewater Coal Docks Corporation. The individual defendants were officers and directors of both corporate defendants, and each was entitled to receive a small percentage of the profits of defendant Tidewater Coal Docks Corporation. Judgment unanimously affirmed, with costs. Under the circumstances disclosed, a money judgment was proper. As against defendant Tide-

water Coal Docks Corporation such judgment was proper since, in view of the nature of the assets transferred, the disposition made of some of such assets, and the lapse of time since the transfers, proper relief could not have been afforded by directing a retransfer. (Cf. *Jacobs* v. *Tannenbaum,* 249 App. Div. 847; *Lowendahl* v. *Van Bokkelen,* 139 Misc. 857, affd. 234 App. Div. 749, affd. 260 N. Y. 557; *Shugerman* v. *Sohn,* 255 App. Div. 866.) As against the individual defendants, the recovery may be sustained as for a breach of their duties as directors of defendant New York Southern Coal Terminal Corporation (General Corporation Law, § 60, subd. 2; *Darcy* v. *Brooklyn & N. Y. Ferry Co.,* 196 N. Y. 99; *Whalen* v. *Strong,* 248 App. Div. 672; affd. on reargument 249 App. Div. 792, affd. 275 N. Y. 516; *Buckley* v. *Stansfield,* 155 App. Div. 735, affd. 214 N. Y. 679), regardless of their motives. (*Darcy* v. *Brooklyn & N. Y. Ferry Co., supra.*) In so holding, we have not overlooked the fact that there is no evidence that executions were issued on plaintiffs' judgments and returned unsatisfied (cf. *Lilienthal* v. *Betz,* 108 App. Div. 222; *Giles Dyeing M. Co.* v. *Klauder-Weldon D. M. Co.,* 198 App. Div. 564), or the fact that the action is not brought by plaintiffs in a representative capacity. (Cf. *Whalen* v. *Strong, supra*; *Buckley* v. *Stansfield, supra.*) As against all defendants, the evidence amply supports the claims of conspiracy and fraud alleged in the complaint. The complaint does not allege that defendants Harkavy and Goorin were, during the times mentioned therein, officers and directors of the corporate defendants, or that such defendants were entitled to share in the profits of defendant Tidewater Coal Docks Corporation. Since the evidence discloses these facts, the complaint will be amended accordingly. (Civ. Prac. Act, §§ 109, 434.) The Special Term made no express findings as to conspiracy and fraud, as alleged in plaintiffs' complaint. Appropriate findings, in accordance with the foregoing and with the allegations of the complaint numbered 5, 6, 7, 8, 23, 24 and 25, will be made by this court, and may be presented on notice. Present — Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ.