James W. Bailey, J.
Petitioner makes application to compel the assignee for the benefit of creditors to indorse a check for $1,500 to enable him to receive payment thereof pursuant to an assignment executed in his favor more than four months prior to the assignment for the benefit of creditors.
The assignee for the benefit of creditors opposes the application upon the grounds (1) that the prior assignment was not recorded as required by section 15 of the Lien Law and (2) that the assignment is invalid pursuant to section 15 of the Stock Corporation Law.
There appears to be no merit to the assignee’s first contention because he is in the position of a judgment creditor who *212 may not attack the prior assignment upon the ground that it was not filed. Petitioner is entitled to a lien upon the funds received from the construction project for which it furnished the material. Such a lien is a lien upon funds which are the fruits of its contribution and is intended to be preferred over the claims of general creditors irrespective of its filing. (See Edison Elec. Illuminating Co. v. Frick Co., 221 N. Y. 1.)
The assignee’s second contention raises issues of fact as to whether the assignor corporation was insolvent or its insolvency was imminent when the first assignment was made and as to whether the first assignment was made with intent to give a preference to one creditor over another. If it were insolvent or about to become insolvent and made the assignment with intent to create a preference, the assignment is invalid. (See Stock Corporation Law, § 15; John 8. Lane & Son, Inc. v. County of Westchester, 248 N. Y. 298.)
Under the circumstances the court may not compel the indorsement of the check and thereby enforce the prior assignment which may be invalid pursuant to section 15 of the Stock Corporation Law.
Application denied.
Submit order.