Mario Pittoni, J.
This is an action for a judgment declaring unconstitutional and invalid a zoning ordinance which makes the area in which the subject premises are located “ Residence D.” The plaintiff alleges that the surrounding area “ has been so changed to business use as to make the best use of the subject premises at this time ‘ Business ’ * * * The defendant Town Board has denied the plaintiff’s petition to rezone the subject premises from “ Residence D ” to “ Business F.”
The subject property fronts 263.34 feet along the easterly side of Merritt Road, a moderately traveled two-lane macadam road, in the area of Farmingdale. It is approximately 255 feet deep. Across the street from and just north of the subject property, on the corner formed by Merritt Road and Motor Ave., is a farm-like garden supply center and greenhouse. Diagonally across Merritt Road and to the north of the subject property is a small shopping center. Approximately 600 feet south of the subject property, on Merritt Road near Bethpage Parkway, and looking south is a gasoline service station. Still further south is some light industry that is not readily discernible because of the contour of the area. Approximately 2,000 feet to the north is Bethpage Turnpike on which is found some business properties. The area to the front west, to the side south and to the back east of the subject property is practically all built up with medium priced new homes. There are some homes of older construction and still some undeveloped land. The court, with the permission of the parties, made a personal inspection of the subject property and the area.
*852 Thus, the factual conclusion is that the subject property is bound on three of its four sides by residences; and that the only break in the residential quality of the immediate vicinity is by the shopping center and the farm-like garden center and greenhouse to the north of the subject property.
The complaint states that “the best use of the subject premises at this time ” is “ Business and testimony adduced on the plaintiff’s behalf from its real estate expert and appraiser is that the subject property is better or more suitable for business than residential purposes; and that the highest use is not residential. On this allegation and testimony a dismissal of the complaint is warranted; in fact, commanded. It is fundamental that the due process clauses of the Constitutions do not require that the landowner be afforded the best use of his property; they merely require that he be afforded reasonable use.
The defendant Town Board nevertheless countered with the testimony of a planning and zoning expert who testified that the subject property is part of the town’s comprehensive plan and scheme; that the most appropriate use of the subject property is residential; that there is sufficient business property in the area to satisfy present and future needs; and that most business areas at some point adjoin residential areas.
It may be added that the mere presence of business property or zone does not motivate or command the change of adjoining residential property to business zone or district. Any such principle would cause unlimited swarming waves of business zones over previous residential areas.
Further, a mere depreciation in value of property does not affect the validity of a zoning ordinance. In Shepard v. Village of Skaneateles (300 N. Y. 115, 118, 120) the court said: “ Zoning laws * * * necessarily entail hardships and difficulties for some individual owners. * * * A possible depreciation in value is not of too great significance, for the pecuniary profits of the individual are secondary to the public welfare. * * * Either the plaintiffs’ property or the land near it would suffer depending on the board’s action, and the board could properly find that the loss sustained by plaintiffs would be offset by the gain to the community in general.”
In Rodgers v. Village of Tarrytown (302 N. Y. 115, 126) the court said: “ While hardships may be imposed on this or that owner cardinal is the principle that what is best for the body politic in the long run must prevail over the interests of particular individuals ’ ”.
And in Matter of Wulfsohn v. Burden (241 N. Y. 288, 302) the court said: “ It is not an effective argument against these *853 ordinances, if otherwise valid, that they limit the use and may depreciate the value of appellant’s premises * * * the general welfare of the public is superior in importance to the pecuniary profits of the individual.”
In short, zoning is a legislative function; and a zoning or rezoning ordinance, or an amendment thereto, or a determination refusing to rezone is presumed constitutional and valid. The burden of proving such a legislative act unconstitutional or otherwise invalid is upon the party who assails it. Until recently the rule was that the assailant was required to show by a fair preponderance of credible evidence that the zoning determination of the legislative body was arbitrary, capricious or unreasonable. If the validity of the ordinance was fairly debatable the judgment of the legislative body was conclusive and beyond the interference of the courts (Linn v. Town of Hempstead, 10 Misc 2d 774, 775, 782; Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121; Shepard v. Village of Skaneateles, 300 N. Y. 115, 118 ; Euclid v. Ambler Co., 272 U. S. 365, 388; Green Point Sav. Bank v. Board of Zoning Appeals of Town of Hempstead, 281 N. Y. 534, 538, 539). However, the Court of Appeals has recently put a stronger burden upon the assailant. It said the burden of proof is “beyond a reasonable doubt * * * it is only as a last resort ’ that courts strike down legislative enactments on the ground of unconstitutionality.” (Wiggins v. Town of Somers, 4 N Y 2d 215, 218, 219.)
Whether the test of the burden of proof is by a fair preponderance of credible evidence or beyond a reasonable doubt, the plaintiff’s burden has not been sustained in this case. The plaintiff has failed to show that the defendant board’s refusal to rezone the subject property from “ Residence D ” to “ Business F ” was arbitrary, capricious or unreasonable.
The complaint is dismissed.
This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.