Sidney A. Fine, J.
This is a motion to strike out, as insufficient, the defenses pleaded in the answers of the defendants. The motion searches the record and, therefore, requires eon *647 sider&tion of the sufficiency of the three causes of action alleged in the complaint.
Certain of the defendants’ criticisms of the complaint apply to all the causes of action. The failure to allege the issuance of execution against the corporate judgment debtor and its return unsatisfied is sufficiently excused by the allegation that execution was and is stayed by an order of the Federal court, pursuant to chapter 11 of the Bankruptcy Act (U. S. Code, tit. 11, § 701 et seq.; Firestone Tire & Rubber Co. v. Agnew, 194 N. Y. 165, 168, 169; Bottlers Seal Co. v. Rainey, 243 N. Y. 333, 345).
The contention that plaintiff should have sued on behalf of all creditors similarly situated, even if it be valid, furnishes no ground for dismissal of the complaint (Christianssand v. Federal S. S. Corp., 121 Misc. 627). Defect of parties plaintiff is, under the Civil Practice Act, merely a ground for correction by requiring the bringing in of additional parties (Rules Civ. Prac., rule 102; McKnight v. Bank of New York & Trust Co., 254 N. Y. 417, 422; New Amesterdam Cas. Co. v. Mobinco Brokerage Co., 219 App. Div. 486, 487). In Whalen v. Strong (248 App. Div. 672) the court held that plaintiff could not be denied recovery because the action was not' representative in character. The court ordered proof to be taken as to other creditors only for the purpose of determining the loss sustained by plaintiff. On reargument, it appearing that there were no other creditors, plaintiff was held entitled to recover without such proof (249 App. Div. 792).
The fact that the complaint does not allege that plaintiff was a creditor at the times of the acts complained of is not fatal to the sufficiency of the first cause of action. That cause alleges a depletion of the corporate capital by the payment for repurchased stock while the corporation had no surplus. Subsequent creditors have the right to assume that the capital has not been wrongfully depleted (Christianssand v. Federal S. S. Corp., supra; New York Credit Men’s Assn. v. Harris, 170 Misc. 988). The sufficiency of the third cause of action is likewise not impaired by plaintiff’s failure to allege that it was a creditor at the times of the loans complained of. Section 59 of the Stock Corporation Law (all subsequent references to sections will refer to the Stock Corporation Law unless otherwise specified), confers a cause of action upon anyone whose debt was contracted before repayment of tile loan (Bil-Jax v. Pine, 15 Misc 2d 434; see, also, Waters v. Spalt, 80 N. Y. S. 2d 681). The second cause of action is, however, insufficient. No depletion or impairment of capital is alleged. The allegation of the first cause of action *648 that the company had no surplus is omitted. The allegation of insolvency does not necessarily mean that the corporate liabilities exceeded the assets. It is consistent with the possibility that the corporation, though possessed of a net worth, was unable to pay its debts as they became due. In the absence of an allegation of depletion of the corporate capital, plaintiff was required to show that it was a creditor at the time of the acts complained of (Ginsberg v. Automobile Coaching Co., 151 App. Div. 627; Caesar v. Bernard, 156 App. Div. 724, 728; Lummis v. Crosby, 176 App. Div. 315, 317; Matter of Campbell, 164 Misc. 632, 637). It is to be noted that the facts alleged in the second cause of action do not make out a case under section 58, for failure to allege that no surplus remained, or a case under section 59. The acts alleged might make out a case under section 15 if plaintiff had alleged that it was a creditor at the times they occurred. Whether the failure of plaintiff to allege expressly an intent to prefer would, in any event, be fatal to the sufficiency of the second cause need not be determined, in view of the fact that it is insufficient for the reason above stated.
The claim that plaintiff seeks an improper measure of damages is not ground for dismissal of any of the causes of action as insufficient.
The other attacks made on the sufficiency of the first and third causes of action are without merit. The first cause is good under section 58, which is not confined to improper dividends, but extends to “any distribution of assets to any of its stockholders * * * unless the value of its assets remaining * * * shall be at least equal to the aggregate amount of its debts and liabilities, including capital. ’ ’ The third cause is good under section 59, which confers a cause of action upon unpaid creditors for corporate loans to stockholders.
We turn now to the defenses to the first and third causes of action. These defenses rely upon the confirmation of the corporation’s plan of arrangement in proceedings under chapter 11 of the Bankruptcy Act, in which proceedings plaintiff’s claim was listed. It is alleged that payments and notes delivered to plaintiff pursuant to the order of confirmation discharged the defendants’ liability on the causes of action asserted in the present complaint. It is also alleged that the Federal court has exclusive jurisdiction and that title to the corporation’s property reverted in it upon entry of the order of confirmation.
These defenses are insufficient. The Bankruptcy Act (§ 4; U. S. Code, tit. 11, § 22) provides that “ The bankruptcy of a corporation shall not release its officers, the members of the *649 board of directors or trustees * * * or its stockholders or members, as such, from any liability under the laws of a State or of the United States.” In Firestone Tire & Rubber Co. v. Agnew (194 N. Y. 165, supra) the action was by creditors of a bankrupt corporation, after a composition, to recover against stockholders for the unpaid balance of their stock subscriptions, under section 54 (as. then constituted; now § 68). The court (p. 168) relied upon and quoted language similar to present section 22 from the then subdivision b of section 4 of the Bankruptcy Act. The Bottlers Seal Co. case (243 N. Y. 333, supra) involved a similar cause of action. In Wyle v. Gould (110 N. Y. S. 2d 113) it was held that arrangement proceedings under chapter 11 of the Bankruptcy Act did not constitute a defense to a creditor’s action under section 59. No case has been cited by defendants to support their contention that the provisions of section 4 of the Bankruptcy Act (U. S. Code, tit. 11, § 22) may not be availed of by plaintiff because of the arrangement proceedings.
The third partial defense is insufficient since it does not appear that any of the creditors therein referred to still remain unpaid. It is accordingly unnecessary to consider whether the defense would be good if that defect were remedied.
The motion is granted to the extent of dismissing all defenses to the first and third causes of action, and otherwise denied, with leave to plaintiff to serve an amended complaint within 10 days from the service of a copy of this order with notice of entry. In the event that plaintiff does not amend, defendants may amend their answers within 20 days from the service of a copy of this order with notice of entry.