William R. Brennan, Jr., J.
The plaintiff owns a plot at the southeast corner of Merrick Road and Bay Drive in Massapequa which runs 40.2 feet on Merrick Road by 201.01 feet on Bay Drive. The property is in the unincorporated area of the Town of Oyster Bay within 300 feet westerly of the dividing line between the Incorporated Village of Massapequa Park and the town.
This plot was part of a larger parcel (having a longer frontage on Bay Drive) originally acquired by the plaintiff on September 28, 1945. There is on it a real estate office which represents a larger version of a real estate office existing and *838 in use on the plot in question since 1926. When that use began, there was no limiting town zoning ordinance. In 1929 the first applicable ordinance placed the affected plot in a residence use district. In 1953, it was rezoned to a Business F use. The plaintiff made improvements to the original office in 1954 when she expended about $6,000 for them. Then, in 1957 the zoning was changed back to a Besidence C district where it remains. The change was effected by a resolution applicable to seven parcels of land of which Parcel A included the plot then owned by this plaintiff and part of the plot owned by the plaintiff in the companion McCabe action. On March 31, 1959 a zoning map was adopted by the Town Board as the result of a general survey and part of over-all amendments to the zoning ordinance. This continued the zoning now complained of.
In this action the plaintiff seeks a judgment declaring the rezoning of plaintiff’s property from Business F to Residential G was discriminatory, arbitrary, unreasonable, and therefore void and of no effect.
The dimensions of the plaintiff’s present plot have been noted. They aggregate approximately 8,081 square feet. The present Besidence C zoning mandates a plot with an area of at least 10,000 square feet, a width of at least 80 feet, front yard setbacks on both streets of 30 feet, a rear yard of 25 feet and side yards aggregating 25 feet. The present Business F zoning requires a lot area of 10,000 square feet, a front yard of 10 feet on both sides, side yards aggregating 15 feet and a rear yard of 20 feet. It is obvious that plaintiff would require a variance in order to comply with either ordinance. Despite this fact, it is undisputed that the plaintiff’s property would have a substantially greater value if zoned as Business F than it has under its present zoning.
Although there are no residences on Merrick Road for about one third of a mile east of the Village of Massapequa Park line, there is vacant land zoned Residence C on Merrick Boad westerly of the affected premises for one block and then a block occupied by two churches and a parochial school; while the opposite side of Merrick Road for at least three blocks west of the village line consists of vacant land, residences, church property and a library.
The ordinance now under attack has been justified by the testimony and by an inspection made by the court with the consent of counsel. That there is a substantial business area to the east of the block in which this plaintiff’s property is located is no more conclusive of the use for which this property may be zoned than is the fact that the area south and west of it is *839 used for residential purposes or for community purposes such as the churches and library. (Shepard v. Village of Skaneateles, 300 N. Y. 115,118; Gregory v. Incorporated Vil. of Garden City, 18 Misc 2d 478, 482, 483.)
The plaintiff is subject to hardship and difficulty in the sense that it is clear that her property would be more valuable for a business rather than a residential use. That the ordinance does not deprive her of all beneficial use of her property is likewise clear. A residence of substantial value can be erected upon her parcel, subject only to the granting of a variance. It is also undisputed that she would require a variance even if the property were zoned Business F. The record is persuasive that strict enforcement of the ordinance would cause such unnecessary hardship as to mandate a variance (Matter of Otto v. Steinhilber, 282 N. Y. 71, 75; Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 232).
In short, the plaintiff, having asserted an invasion of her property rights and thus having the burden of establishing that her property was so situated as to be unreasonably adapted for residential use, has failed to sustain that burden whether by a fair preponderance of the credible evidence or beyond a reasonable doubt. (Matter of Plain-Pike Realty Co. v. Sanford, 10 A D 2d 644 and cases there cited.)
That there may be some financial loss to the plaintiff involved in a future use of the premises for residential purposes is not decisive. 1 ‘ A possible depreciation in value is not of too great significance, for the pecuniary profits of the individual are secondary to the public welfare. (See Matter of Wulfsohn v. Burden, 241 N. Y. 288, 302.) ” (Shepard v. Village of Skaneateles, 300 N. Y. 115, 120; see, also, Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269, 273.)
The plaintiff has a valid, nonconforming use which has a history predating zoning regulation in her area and which has not been disturbed over all the years despite the zoning changes already recited. There is no provision of the ordinance compelling a cessation of the nonconforming use nor establishing a time limit within which such use must be conformed. (See Matter of Harbison v. City of Buffalo, 4 N Y 2d 553.) Thus the ordinance does not prohibit the plaintiff from carrying on her real estate business; nor does it appear that she has any intention of abandoning it.
The complaint is, therefore, dismissed on the merits. No costs.