William R. Brennan, Jr., J.
This is a companion action to Fitzgerald v. Town of Oyster Bay (23 Misc 2d 837) decided this day. The actions were tried together, but without consolidation.
The plaintiff owns a parcel immediately adjacent to the Fitzgerald parcel. It has a frontage on Merrick Boad of 247.50 feet, an easterly line of 317.18 feet, a southerly line of 287.70 feet, and a westerly course of 116.17 feet on Bay Drive, after which the line runs along the southerly boundary of the Fitzgerald plot for 40.20 feet easterly and then along the westerly side of that plot for 201.01 feet to Merrick Boad. Plaintiff acquired the frontage on Bay Drive by purchase in the Spring of 1958 (116.17 by 40.2).
The original property had been owned by the plaintiff’s father from 1906 until his death in 1957 and since then by the plaintiff. The affected parcel has an area of over 83,000 square feet. Since 1926 it has been occupied and used solely for residential and accessory purposes. In 1929 part of the property was zoned Business F for that portion running back 201.01 feet from Merrick Boad. In 1953 the full plot was zoned Business F. The plottage fronting on Merrick Boad was valued at $70,000 in transfer tax proceedings following the father’s death. An additional value was allocated to the area immediately behind that plottage (which area was larger then than it is now).
There was no change in zoning until 1957 when the portion zoned Business F was rezoned Besidence C, and this was confirmed by the zoning map of March 31, 1959, referred to in the decision in Fitzgerald.
As in the Fitzgerald case the value of the affected parcel for business use is substantially greater than its value, as land, for residential use. Unlike Fitzgerald, there is no evidence that *841 the property has ever been used for other than residential purposes, a use which still continues.
Expert testimony developed by the defendants establishes that it is possible to build five homes, none of which would face Merrick Eoad, on this property that could be sold at about $30,000 and yield a substantial profit. It is unnecessary to consider the details; it suffices to find that the property can be put to beneficial and profitable use under the residential zoning which has been imposed upon it.
That such a use is less profitable than a business use is not the touchstone to decision.
The plaintiff has the burden of establishing that his property was so situated as not to be reasonably adapted for residential use. (Matter of Plain-Pike Realty Co. v. Sanford, 10 A D 2d 644.) He has not met it. (Shepard v. Village of Skaneateles, 300 N. Y. 115, 120; Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269, 273.) As was aptly said in Fra-Nat Builders v. Town of Oyster Bay (16 Misc 2d 851, 852): “ It is fundamental that the due process clauses of the Constitutions do not require that the landowner be afforded the best use of his property; they merely require that he be afforded reasonable use.”
The complaint is, therefore, dismissed on the merits. No costs.