■ GERALDINE M. FITZGERALD, Appellant, v. TOWN OF OYSTER BAY et al., Respondents, and HARBOUR GREEN CIVIC ASSOCIATION, INC., et al., Intervenors-Respondents. DUDLEY D. McCABE, Appellant, v. TOWN OF OYSTER BAY

et al., Respondents, and HARBOUR GREEN CIVIC ASSOCIATION, INC., et al., Inter-
venors-Respondents.— Two consolidated appeals in two actions tried together:

*Fitzgerald* v. *Town of Oyster Bay*

In an action for judgment declaring unconstitutional and void as to the
property of plaintiff, Geraldine M. Fitzgerald, an amendment of the Building
Zone Ordinance of the Town of Oyster Bay, adopted October 15, 1957, which
rezoned plaintiff's property from a Business F district to a Residence C district,
plaintiff appeals from a judgment of the Supreme Court, Nassau County,
rendered July 18, 1960, upon the decision of the court after a nonjury trial,
dismissing her complaint upon the merits. On March 31, 1959, subsequent to
the commencement of this action and prior to the trial, a new zoning map was
adopted which, however, retained the subject premises in the same Residence C
district; and the pleadings will be deemed amended accordingly (cf. *Thorne
Neale & Co.* v. *New York So. Coal Term. Corp.*, 270 App. Div. 816, affd. 295
N. Y. 977; Civ. Prac. Act, §§ 109, 434). This plaintiff's (Fitzgerald's) property
is a corner parcel approximately 40 by 200 feet, upon which she operates a
real estate business as a permissible nonconforming use. The zoning ordinance
requires a minimum lot area, in a Residence C district, of 10,000 square feet, and
minimum setbacks from each street of 30 feet. The claimed invalidity of the
amendment is apparently based upon the ground: (1) that her property is
located in an area in which there is a considerable business use; and (2) that
the property, because of its size and shape, may not be used for residential
purposes under the ordinance. The Special Term, upon ample proof, held,
in substance: (1) that the premises, although having a greater value for business
use, would have substantial value for residential purposes if a variance should
be granted, as was likely; (2) that neither the presence of a considerable busi-
ness area to the east of Fitzgerald's (plaintiff's) property, nor the financial loss
to plaintiff from the residential use was decisive; and (3) that the plaintiff
had failed to sustain the burden of establishing that her property was so situated
that it was not reasonably adapted for residential purposes. Judgment affirmed,
with costs. If it be assumed that plaintiff challenges the constitutionality of
the amendment on the ground that the property may not be used for residential
purposes because the general character of the neighborhood is business, the
complaint was properly dismissed for the reason, stated by the Special Term,
that she failed to sustain the necessary burden of proof (cf. *Rodgers* v. *Village
of Tarrytown*, 302 N. Y. 115, 121; *Matter of Plain-Pike Realty Co.* v. *Sanford*,
10 A D 2d 644). If plaintiff's attack upon the validity of the amendment be
based upon the fact that a residence in conformity therewith cannot be erected on
her property because of its substandard size, it does not appear that an area
variance is necessary or that, if necessary, it may not be granted if requested
(cf. *Matter of Village of Bronxville* v. *Francis*, 1 A D 2d 236, 238, affd. 1 N Y
2d 839; *Matter of Mandalay Constr.* v. *Eccleston*, 9 A D 2d 918). Under such
circumstances, plaintiff has failed to prove that the property cannot be used
for the purpose for which it is zoned (*Town of Cortlandt* v. *McNally*, 282
App. Div. 1072). The fact, standing alone, that the property may have a
greater value under the Business F use, is not sufficient to warrant a declaration
that the zoning ordinance is confiscatory and unconstitutional (cf. *Shepard*
v. *Village of Skaneateles*, 300 N. Y. 115, 120; *Ulmer Park Realty Co.* v. *City
of New York*, 270 App. Div. 1044, affd. 297 N. Y. 788; *Plymouth Bldrs.* v.
*Village of Lindenhurst*, 284 App. Div. 895),

*McCabe* v. *Town of Oyster Bay*

In an action for judgment declaring unconstitutional and void as to the prop-
erty of plaintiff, Dudley S. McCabe, an amendment of the Building Zone Ordi-

nance of the Town of Oyster Bay, adopted October 15, 1957, which rezoned plaintiff's property from a Business F district to a Residence C district, plaintiff appeals from a judgment of the Supreme Court, Nassau County, rendered July 18, 1960, upon the decision of the court after a nonjury trial, dismissing his complaint upon the merits. On March 31, 1959, subsequent to the commencement of the action and prior to the trial, a new zoning map was adopted which, however, retained the subject premises in the same Residence C district; and the pleadings will be deemed amended accordingly (cf. *Thorne Neale & Co.* v. *New York So. Coal Term. Corp.*, 270 App. Div. 816, affd. 295 N. Y. 977; Civ. Prac. Act, §§ 109, 434). This plaintiff's (McCabe's) property is a plot approximately 247 by 200 feet, which has been used continuously for residential purposes from a time prior to the enactment in 1929 of the town's first zoning ordinance. The property is immediately adjacent to a business district in the Incorporated Village of Massapequa Park. Upon ample proof, the Special Term found that the property could be used profitably for residential purposes, although it had a greater value for business purposes. The Special Term, therefore, held that plaintiff had failed to sustain the burden of establishing that the property was so situated as not to be reasonably adapted for residential use. Judgment affirmed, with costs. The complaint was properly dismissed for the reason stated by the Special Term (see *Fitzgerald* v. *Town of Oyster Bay*, decided herewith). In order to sustain the validity of the amendment, it was not essential that the town establish that there was a mistake in the original enactment or a change in the character of the property involved in the reclassification (*Levitt* v. *Incorporated Vil. of Sands Point*, 6 A D 2d 701, affd. 6 N Y 2d 269). Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur. [24 Misc 2d 837; 24 Misc 2d 840.]