In the Matter of the TOWN OF HUNTINGTON, Appellant-Respondent, Relative to Acquiring Title to Real Property for Park and Recreation Purposes at Crab Meadow, Town of Huntington. JUSTINE L. LAMBERT et al., Respondents-Appellants; MARION C. CHISHOLM et al., Respondents.— In a condemnation proceeding, final order of the Supreme Court, Suffolk County, dated October 16, 1967, affirmed insofar as appealed from by the several appellants, upon the opinions of the learned Trial Justice. Pursuant to CPLR 8107 and section 29 of the Suffolk County Improvement Act (L. 1927, ch. 190; L. 1929, ch. 587; as amd.), we grant full appeal costs and disbursements against the town and in favor of each claimant or set of claimants filing separate briefs, except that, in addition, full appeal costs and disbursements are granted to Justine L. Lambert against Empire State Development Co. as to the appeal concerning their title dispute to specified parcels. Christ, Acting P. J., Brennan, Rabin, Benjamin and Martuscello, JJ., concur.

ANITA KOZMINSKY, an Infant, by Her Guardian ad Litem CORNELIA KOZMINSKY, et al., Respondents, v. SIDNEY SOBEL et al., Appellants.— In a negligence action to recover damages for personal injuries, etc., defendants appeal from a judgment of the Supreme Court, Westchester County, entered May 3, 1968 upon a jury verdict of $75,000 in favor of the infant plaintiff, $1,700 in favor of her father for medical expenses and $7,500 in favor of the father for loss of services. Judgment affirmed insofar as it is in favor of the infant plaintiff and in favor of the father for the $1,700; and reversed, on the law and the facts, insofar as it is in favor of the father for the $7,500 and severance and new trial granted as to the cause for loss of services, unless, within 30 days after entry of the order hereon, the father shall serve, and file in the office of the clerk of the trial court, a written stipulation consenting to reduce the verdict in his favor for loss or services from $7,500 to $1,500, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed. Costs are awarded herewith only to the infant plaintiff against defendants. In our opinion, the proof supports the finding, implicit in the jury's verdict, that defendants failed in their duty to use reasonable care to maintain their premises in a reasonably safe condition (cf. Restatement, Torts 2d, § 360). We find no reversible error in the conduct of the trial; nor do we believe that the verdict in favor of the infant plaintiff was excessive. Her injuries included a fracture of the skull; a bone fragment was driven into the brain, causing permanent damage to brain tissue; and the resulting operation left a hole in the infant's head which is a potential source of danger. However, we are of the view that the verdict for the father for loss of services, even if the complaint be deemed amended to include a claim for prospective loss of services (cf. *Thorne Neale & Co.* v. *New York Southern Coal Term. Corp.*, 270 App. Div. 816, affd. 295 N. Y. 977), was excessive to the extent indicated. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.