In the Matter of the Application of Fox Meadow Estates, Inc., Respondent, for an Order of Mandamus against Earl C. Culley, as Building Inspector of the Village of Scarsdale, Appellant.*

Second Department, July 22, 1931.

*Nathan L. Miller* [*Edward M. Bassett, Humphrey J. Lynch, John H. Jackson* and *William Cravath White* with him on the brief], for the appellant.

*William D. Cunningham*, for· the respondent.

Per Curiam. In 1922 the board of trustees of the village ·of Scarsdale, after careful study, adopted a Building Zone Ordinance. The primary purpose was to preserve in the main the purely residential character of this village. There were in the village no industrial plants, one hotel, some business establishments and a few multiple houses or apartments, all of which, through the process of natural selection of sites, were in the vicinity of the Scarsdale and Heathcote railroad stations. Already a considerable portion of the village was occupied by single family residences with ample grounds, built under private restrictive covenants.

The zoning plan carried out the purposes the citizens had already indicated as desirable, and provided for future .development as far as could reasonably be foreseen. The business and apartment house districts were limited to the territory adjacent to that already

---

* Revg. *Fox Meadow Estates, Inc.*, v. *Livingston* (137 Misc. 22).

occupied for such purposes. The remainder of the village was zoned for single family residences. This included a large private estate of about 368 acres, known as the Butler estate. At hearings conducted before the board of trustees there were objections made to the inclusion of this property. The matter was considered, and the petition for different zoning of the Butler estate was denied; and when the ordinance was finally passed that was included in the residential district. The plan seems to have met with general approval by the citizens, and there followed a rapid growth in the number of homes of the type desired. There has been no exhaustion of the territory upon which business places or apartments may be erected.

About two and one-half years after the adoption of the Building Zone Ordinance a development company, the respondent here, purchased the Butler estate, mapped and graded the lands and laid out streets — the principal portion of the land being devoted to and offered for sale for single family residences. In selling, it advertised the desirability of the village as a location for a home. A portion of its property abutting the Bronx River Parkway it concluded could be more advantageously and profitably used for the erection of apartment houses. It applied to the proper officers for permission to build two apartment houses within this restricted area, and its application was denied. This proceeding for peremptory mandamus followed. The respondent claimed and sought to establish on the trial that the ordinance was arbitrary, unreasonable, discriminatory and confiscatory, because this particular property was included in the residence district. At most it made a debatable question, and barely that, as to the acts of the village authorities in enacting the zoning plan. It is evident that its sole object was profit, and no one joins in its complaint.

The law is too well settled to make necessary any discussion. The power of a municipality to determine for itself what plans are necessary to promote the public health, morals, safety, and the welfare, convenience and general prosperity of its people is a legislative question, which may not be interfered with by the courts except in rare instances. (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288; *Euclid* v. *Ambler Co.,* 272 U. S. 365; *Zahn* v. *Board of Public Works,* 274 id. 325.) We find nothing in the nature of things unreasonable and discriminatory in this case. Generally, in cases of this kind, there is resulting loss to individuals where there is public benefit. Those conditions are incident to legislation of this character, but they furnish no ground for a declaration of unconstitutionality. There is no rule or standard found in other munici-

palities that may be inexorably applied to this village   It may adopt plans suitable to its own peculiar location and needs, acting reasonably.

The final peremptory mandamus order should be reversed upon the law and the facts, with costs, and the petition dismissed, with costs.

LAZANSKY, P. J., HAGARTY, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

Final peremptory mandamus order reversed upon the law and the facts, with costs, and petition dismissed, with costs.   Findings of fact Nos. 11, 23, 25-32, 36, 51, 55, 58-61, 73-76, 78, 82-84, 87-92, 96-98 are reversed.   The following findings are reversed as immaterial: Nos. 37, 48, 50, 62-67, 70, 85.   In finding No. 45 the next to the last sentence is reversed and struck out.   In finding No. 47 the last two sentences are reversed and struck out.   In finding No. 57 the last sentence is reversed and struck out.   Conclusions of law Nos. 4-16 are disapproved.   This court makes new findings as follows: Defendant's requests to find Nos. 21, 28, 39, 40, 52, 55, 60, 64, 69, 70, 72, 78-80, 85, 86, 91, 94-96, 99, 105, 107, 109, 111, 112; and defendant's proposed conclusions of law Nos. 1-6, 9.