EDWARD E. SHEPARD et al., Respondents, *v.* VILLAGE OF SKANEATELES et al., Appellants.

Argued November 18, 1949; decided December 29, 1949.

*Melvin A. Weeks* for appellants. The amendment is presumed to have been adopted for lawful reasons and to be constitutional. Confiscation, discrimination, or unreasonableness are not proved merely by showing that more profit can be had from mercantile than from residential use. Respondents did not have a vested right to have their property remain in the mercantile zone merely because it was so zoned in 1926. Change of conditions and existing use at a zone line are reasonable causes for amendment of the line. The fact that the zone line was amended at one place and as to one property only is not, of itself, evidence of unreasonableness, discrimination or confiscation. The test as to whether the amendment had a substantial relation to public health, morals, safety or welfare of the community is to be applied to the ordinance as a whole, as it stands after the amendment, and, if by such test the ordinance is in accordance with a comprehensive plan and meets the standards set by the Legislature, the amendment itself cannot properly be held not to have the required relationship. (*Brown* v. *Village of Owego,* 260 App. Div. 328, 284 N. Y. 655; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222; *Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 365; *Curtiss-Wright Corp.* v. *Village of Garden City,* 185 Misc. 508, 270 App. Div. 936, 296 N. Y. 839; *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *Sweet* v. *Campbell,* 282 N. Y. 146.)

*M. Harold Dwyer* and *James A. Martin* for respondents. I. The area surrounding respondents' premises is essentially mercantile. II. The zoning ordinance is unreasonable and confiscatory. (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221; *Matter of Eaton* v. *Sweeny,* 257 N. Y. 176; *Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222; *Devore* v. *Blake,* 285 N. Y. 826; *Evanns* v. *Gunn,* 177 Misc. 85, 262 App. Div. 865.)

FULD, J. An amendment to a zoning ordinance of the Village of Skaneateles converted the area in which plaintiffs' property was located from mercantile to residential uses. Asserting that the change was unreasonable and confiscatory, plaintiffs sought a declaratory judgment declaring that the amendment was unconstitutional and void. The court at Special Term, concluding that the ordinance as amended was valid, dismissed the complaint on motion of defendants, the village and its board of

trustees. The Appellate Division reversed and directed entry of a declaratory judgment in plaintiffs' favor.

Upon parties who attack an ordinance such as the present rests the burden of showing that the regulation assailed is not justified under the police power of the state by any reasonable interpretation of the facts. " If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control." (*Village of Euclid* v. *Ambler Realty Co.*, 272 U. S. 365, 388; see, also, *Town of Islip* v. *Summers Coal & Lbr. Co.*, 257 N. Y. 167, 169, 170; *Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288, 296–297.)

Zoning laws, enacted as they are to promote the health, safety and welfare of the community as a whole (see Village Law, § 175), necessarily entail hardships and difficulties for some individual owners. No zoning plan can possibly provide for the general good and at the same time so accommodate the private interest that everyone is satisfied. While precise delimitation is impossible, cardinal is the principle that what is best for the body politic in the long run must prevail over the interests of particular individuals. (See *Baddour* v. *City of Long Beach*, 279 N. Y. 167, 174–175; *Matter of Fox Meadow Estates, Inc.* v. *Culley*, 233 App. Div. 250, affd. 261 N. Y. 506; *Matter of Wulfsohn* v. *Burden, supra*, 241 N. Y. 288, 302; *Village of Euclid* v. *Ambler Realty Co., supra*, 272 U. S. 365, 388–389.) There must, however, be a proper balance between the welfare of the public and the rights of the private owner. The zoning regulation — to be reasonably related " to the preservation of the scheme and purpose as a whole " — may neither deprive an individual owner " of all beneficial use of his property " (*Matter of Eaton* v. *Sweeny*, 257 N. Y. 176, 182–183) nor impose upon him a " special hardship unnecessarily and unreasonably." (*Dowsey* v. *Village of Kensington*, 257 N. Y. 221, 226.) And, if strict enforcement 'would cause unnecessary damage or hardship, the aggrieved owner must be given an opportunity to obtain a variance. (See *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71, 75; *Dowsey* v. *Village of Kensington, supra*, 257 N. Y. 221, 229.)

In the light of these principles, the conversion of plaintiffs' property from mercantile to residential was fully justified.

Skaneateles was zoned for the first time in 1926 and divided into residential, industrial and mercantile use districts. At that time, plaintiffs' land was located in the business section. In 1930, plaintiffs applied for a permit to erect a gas station on their plot, but it was refused. Influenced by a belief that a gas station at that point would be highly undesirable, the board, after a hearing, amended the zoning ordinance in 1935 solely to effect a shift of plaintiffs' property from the mercantile to the residential area. The zoning ordinance passed in 1943 — the subject of the present attack — confirmed the 1935 amendment.

In 1926, as in 1935 and as at present, plaintiffs' land was surrounded on three sides by residential property. Indeed, it was the only property designated as mercantile west of the main dividing line between the two zones, with its eastern border alone contiguous to the mercantile area. And that was at a point, incidentally, where the street on which it fronted (Genesee Street) made a 35-degree turn to the right, with the result that plaintiffs' lot did not even face squarely on that thoroughfare with any of the other business sites. All things considered, as the court at Special Term observed, there was ample basis for its location in the residential district in the first instance. Since, outside of the general increase in traffic that accompanies the advance of motor travel, there were no changes in the locality tending to render it more commercial (cf., e.g., *Devore* v. *Blake,* 285 N. Y. 826), the reasons which would have supported an initial designation of plaintiffs' property as residential now operate to justify the amendment to accomplish that result. Furthermore, the fact that there are nonconforming uses in the residential area near plaintiffs' property which were there before 1926 does not require the board to retain that land of plaintiffs in the business zone. (Cf. *People ex rel. Fordham Manor Ref. Church* v. *Walsh,* 244 N. Y. 280.)

Nor is the hardship imposed upon plaintiffs by the amendment so severe as to require its invalidation. In the first place, the uses permitted as residential under the ordinance are extremely liberal, and the evidence that plaintiffs' lot was unsuitable for any of them virtually nonexistent; in the second place, provisions of the Village Law permit a variance if " unnecessary hardship " results from " carrying out the strict

letter of such ordinance '' (Village Law, § 179-b). A possible depreciation in value is not of too great significance, for the pecuniary profits of the individual are secondary to the public welfare. (See *Matter of Wulfsohn* v. *Burden, supra,* 241 N. Y. 288, 302.) Either plaintiffs' property or the land near it would suffer depending on the board's action, and the board could properly find that the loss sustained by plaintiffs would be offset by the gain to the community in general.

The judgment of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE and BROMLEY, JJ., concur; LEWIS, J., taking no part.

Judgment accordingly.