Marcus G. Christ, J.
The plaintiffs are the owners of real property in the Town of Oyster Bay zoned by the Zoning Ordinance of the township in a Besidence D District. Plaintffs *253 seek to have the ordinance which so classifies their property declared void and unconstitutional insofar as it prohibits the use of the plaintiffs’ land for business purposes. The plaintiffs desire to have the property made available for use as a gasoline filling station and they now have a contract for the sale of the land for that purpose, subject only to the successful outcome of this suit. The gravamen of the plaintiffs’ complaint is that their land is a triangular parcel located on two heavily travelled arterial highways and that the character of the neighborhood has changed so that the Residence D Zone is no longer made necessary in the interest of public health, safety and morals. Upon the trial it was established that the property is in an area which has been in the process of change from farm to business and residential use. With the growth of Nassau County and the advent of a multitude of new people coming to take up residence here, the highways have become more crowded than they were before. The volume of traffic has undoubtedly increased on the roads which border the plaintiffs’ property, but it has not been shown that traffic has increased to such an extent as to make this property no longer suitable for residential purposes.
Merely because there is traffic alongside a triangular parcel does not mean that the property is unsuitable for residential purposes. Many fine residences have been built on highways where there is considerable traffic and as the density of a community increases with population growth, it becomes more and more necessary for some residences to occupy space on welltravelled highways. The court may not interfere with the judgment and determination of the Town Board unless its classification for zoning purposes is shown to be arbitrary and the burden of showing such arbitrariness rests upon the one who asserts it (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121). Unless it can be established that a zoning regulation “ is not justified under the police power of the state by any reasonable interpretation of the facts,” the legislative classification must stand free of interference by the courts (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118). The judgment of the local legislative body must be permitted to control, if the validity of the classification for zoning purposes is “ fairly debatable ” (Euclid v. Ambler Co., 272 U. S. 365, 388). The doctrine of separation of powers must be respected by the courts. Zoning is a legislative function placed, in the case of towns, under the control of the Town Board. It is only when the exercise of the zoning power is found to bear no reasonable relation to the promotion of public health, safety, morals or general welfare of the community that it may *254 be upset. The whole area to the immediate east of plaintiffs’ property and again to the south is residential in character. Only the development to the northwest and west has changed. Somewhere a division line must come. The Town Board in its discretion has fixed it at this parcel. It cannot be said that this is unreasonable. Although plaintiffs might be able to sell their property for much more money if it could be used as a gas station, that is not before the court. The property is still suitable for residential use.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Judgment for the defendants together with the costs and disbursements of this proceeding.
Settle judgment on notice.