■ POINT LOOKOUT CIVIC ASSOCIATION, INC., et al., Appellants, v. TOWN OF HEMPSTEAD et al., Respondents, et al., Defendant.— In an action by civic associations and by owners of one-family homes in the Point Lookout and Lido Beach areas of Nassau County, for judgment: (1) declaring void certain amendments to the Building Zone Ordinance of the Town of Hempstead, adopted in 1953 and 1957; (2) declaring void a certain agreement between the defendant Town Board and the defendant Nassau Beach Club at Lido Beach, Inc., and directing its cancellation; (3) declaring that a certain lot is in a "Residence B" district, that no multiple dwelling may be erected upon it, and that the special exception granted by the Town Board to permit the erection thereon of a cabana beach club is void; (4) directing the Town Board to revoke the permits heretofore issued for the erection on said lot of structures other than one-family dwellings; and (5) enjoining the defendants, Nassau Beach Club and Triway Associates, Inc., from erecting on said lot any structures other than one-family dwellings, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered April 22, 1960, dismissing their complaint at the end of their case after a nonjury trial. Plaintiffs contend, *inter alia*, that their constitutional rights have been infringed and that the amendments to the Zone Ordinance constitute "spot zoning" and "zoning by contract." Judgment affirmed, with costs (cf. *Church* v. *Town of Islip*, 8 N Y 2d 254; *Rodgers* v. *Village of Tarrytown*, 302 N. Y. 115; *Shepard* v. *Village of Skaneateles*, 300 N. Y. 115). Ughetta, Acting P. J., Kleinfeld, Christ and Brennan, JJ., concur; Pette, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: I dissent insofar as the 1957 rezoning amendment is concerned. I agree, however, as found by the learned Special Term, that the plaintiffs are barred by laches from contesting the validity of the 1953 amendment. As to the 1957 amendment, I find no satisfactory proof that this legislative enactment affecting a single interior parcel, was based upon any comprehensive zoning plan followed by the Town Board. Special Term's finding to the contrary seems unsupported by the record. The only proof adduced on the subject matter was testimony offered by plaintiffs from Town Board members who, in effect, stated that the 1953 enactment was adopted to accommodate the general area for use by cabana clubs. The proof did not show, however, that any subsequent developments in the area compellingly necessitated for the public welfare a change in use for the single parcel here involved, together with the revocation of the restrictive covenants furnished by the land-owner in connection with the 1953 change. If the 1953 enactment was predicated upon a comprehensive plan, the 1957 amendment, without data supporting a change, seemingly departed from such comprehensive plan. Insofar as the record presently shows, the 1957 enactment ensued only from a petition by the owner to be benefited without independent and informative inquiry by the Town Board. Hence, it is my opinion that with respect to the 1957 amendment the issue of comprehensive planning requires a new trial. [22 Misc 2d 757.]