William E. Brennan, Jr., J.
Application for an order pursuant to article 78 of the Civil Practice Act reviewing and annulling a determination by the respondent Town Board of the Town of Oyster Bay on November 1, 1960 wherein permission was granted to Four Seasons Country Club, Inc., to erect and maintain ‘ ‘ a private club ’ ’ on property of which it is a lessee.
The subject property is located on the north side of Jericho Turnpike, approximately 700 feet east of Woodbury Eoad. It is roughly rectangular in shape with a frontage on Jericho Turnpike of 491.54 feet and a depth of 1,754.15 feet. To a depth of 500 feet northerly from Jericho Turnpike the property is in an “ F ” Business District under the Building Zone Ordinance. The remainder of the 20.3 acres is in a “ B ” Eesidence District. As amended in May, 1956 the ordinance permits in a “B” Eesidence District “ 10.3. Private clubs when authorized by the Town Board, as a special exception, after a public hearing.”
A hearing was held on September 13, 1960 — at which all interested parties were given an opportunity to be heard—on an application by the Four Seasons Country Club, Inc., for permission to operate a private club on the subject property. On November 1, 1960 the application was granted.
It is the contention of the petitioners in this article 78 proceeding that the respondent Town Board was arbitrary and capricious in granting the special exception permit. In particular it is urged: that the determination is inconsistent with the comprehensive zoning plan of the Town of Oyster Bay; that the use will adversely affect property values of the area; will create public and private nuisances; and that the determination bears no relationship to the public health, safety, morals or the general welfare.
The Court of Appeals has written: “In making determinations upon applications for special exceptions under the Zoning Ordinance, the Town Board exercises judgment or discretion of a charatcer which is reviewable as to reasonableness in a *128 proceeding under article 78 of the Civil Practice Act.” (Matter of Rothstein v. County Operating Corp., 6 N Y 2d 728, 729.) It has also held that where the authority for approving a use is retained by a legislative body, there is no requirement for the formulation of standards to guide said body in rendering a determination (Matter of Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534).
The court has examined the papers submitted on this application in addition to the minutes of the hearing and the exhibits. It cannot conclude that the board was arbitrary or capricious in making its determination. While some objectants at the hearing complained that noise would accompany the operation of club activities and that property values would depreciate, those objections were general in nature. An expert witness produced by the petitioners, on the other hand, testified as to actual sound tests made in the vicinity of another club operating in the area which showed that the club activities caused only a slight increase in the volume of sound» Moreover, in making its determination the board rightfully could consider whether the proposed use would be any more detrimental to the community than those permitted without a hearing in that portion of their property within the “ F ” Business District. Here, the board’s decision reveals numerous conditions imposed upon the applicant which reflect a reasonable consideration for the welfare of the community without depriving the property owner of the use of the property as expressly permitted by the ordinance. For example: (1) A private club — not “ open to the public on a per diem or other charge basis ”—is to be operated. (2) No outdoor sound reproduction system is to be used except in emergencies, no floodlights except for swimming pool operation. (3) No “ day school ” or “ day camp ” business shall be conducted. (4) The membership shall be limited to 600 families. (5) No recreational or similar type of use of the northerly portion of the property to a depth of 400 feet from the northerly line shall be conducted. (6) The natural growth of trees and shrubs on the periphery of the property shall be maintained or improved by additional plantings.
As stated in Shepard v. Village of Skaneateles (300 N. Y. 115, 118) : “ Zoning laws, enacted as they are to promote the health, safety and welfare of the community as a whole * * * necessarily entail hardships and difficulties for some individual owners. No zoning plan can possibly provide for the general good and at the same time so accommodate the private interest that everyone is satisfied.” Application denied.