## (January 21, 1963)

■ In the Matter of SETAUKET DEVELOPMENT CORP., Respondent, v. THOMAS A. ROMEO et al., Constituting the Board of Zoning Appeals of the Town of Brookhaven, et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, to annul determinations of the Board of Zoning Appeals of the Town of Brookhaven which denied two separate applications by the petitioner for special use permits to erect certain buildings for theatre and bowling-alley uses, the Zoning Board and the Town Clerk appeal from an order of the Supreme Court, Queens County, dated July 6, 1962 and entered in Suffolk County on July 9, 1962 upon the opinion decision of the court (35 Misc 2d 501), which, inter alia: (a) directed the Town Clerk to issue said permits; and (b) declared a portion of the town's relevant Building Zone Ordinance (art. I, § 100, subd. 10) to be unconstitutional. Order reversed on the law and the facts, with costs, and petition dismissed. Findings of fact contained or implicit in the decision below (35 Misc 2d 501), insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. Petitioner's property was zoned "J Business 2". In this category, theatres or bowling alleys could be allowed by special permit only,

"provided, however, that they shall not be all or part of a Commercial Center." A "Commercial Center" was defined in the local zone ordinance (§ 100, subd. 10) as a structure occupying a site of two or more acres, or consisting of 15,000 square feet or more in total floor area. Petitioner applied for permits for a theatre and bowling alley on a 10-acre site. The proposed structure exceeded 15,000 square feet in total floor area. The application was denied by the Board of Zoning Appeals for lack of jurisdiction under the provisions of the ordinance. In our opinion, the burden of establishing the invalidity of the ordinance was on the petitioner (*Shepard* v. *Village of Skaneateles*, 300 N. Y. 115). It is not sufficient, in order to render a zoning ordinance confiscatory and unconstitutional, that permitted uses result in lower profits, no profits, or actual loss. What must be established is that the ordinance precludes use of property "for any purpose for which it is reasonably adapted" (*Levitt* v. *Incorporated Vil. of Sands Point*, 6 N Y 2d 269, 273). Here, the petitioner neither pleaded nor proved such preclusion. Instead, the petitioner relied upon its allegation that the subject ordinance imposed "an unreasonable restriction on the beneficial use and free enjoyment of the said premises which materially affects their values". It was just such an impact upon value that the Court of Appeals, in *Levitt* (*supra*) held was insufficient to invalidate the ordinance. In the subject ordinance, commercial centers could be permitted in a "J Business 3 District" in which there were limitations as to height of buildings; as to building and lot areas; and as to front, side and rear yards. There was also provision in such ordinance for "site plan review and approval." The obvious and unambiguous purpose of the ordinance was to regulate the erection of commercial centers — a proper exercise of the police power. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.