■ EDMOND R. QUAGLIO, Individually and Doing Business as Q-G CONSTRUCTION COMPANY, Respondent, v. DAVID H. WEISS et al., Appellants.— In an action to recover damages for breach of contract, defendants appeal from a judgment of the Supreme Court, Nassau County, entered July 11, 1962 upon the court's decision after a nonjury trial, in the plaintiff's favor. The defendants also appeal from said decision. Judgment affirmed, without costs. No opinion. Appeal from the court's decision dismissed, without costs. No appeal lies from a decision (*Cioffi* v. *City of New York*, 14 A D 2d 741). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ LEONA SIMINSON, Individually and as Guardian ad Litem of PATRICIA SIMINSON and Another, Infants, et al., Respondents, v. CITY OF NEW YORK et al., Appellants, et al., Defendant.— In an action to recover damages for personal injury and loss of services resulting from the collapse of a building, the defendant City of New York appeals from an order of the Supreme Court, Kings County, dated September 4, 1963, which denied its motion for summary judgment dismissing the complaint; and the defendant Albro Contracting Corporation appeals from an order of said court, dated August 5, 1963, which denied its motion for the same relief. Orders affirmed, with one bill of $10 costs and disbursements against the defendants jointly. Plaintiffs were not parties to the prior action. On this record a question of fact is presented as to liability of the respective defendants for collapse of the building. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.

■ CLAUSEN W. SUMMERS et al., Respondents, v. CITY OF GLEN COVE et al., Appellants.— In an action to declare the zoning ordinance of the defendant City of Glen Cove to be invalid and unconstitutional as applied to plaintiffs' property, on the ground that the ordinance is confiscatory in its effect, the city and its officials appeal from a judgment of the Supreme Court, Nassau County, entered October 11, 1963 upon the court's decision and opinion after a nonjury trial, declaring that, as applied to plaintiffs' property, the ordinance is unconstitutional and void, and restraining the defendants from enforcing it against plaintiffs' property. Judgment reversed on the law and the facts, without costs, and complaint dismissed. Findings of fact implicit or contained in the decision and opinion of the Special Term, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. In our opinion, plaintiffs failed to prove that their property cannot be used for the purposes permitted by the ordinance. At best, on this record, the issue of the validity of the ordinance is fairly debatable; hence, the ordinance may not be held to be confiscatory and unconstitutional (*Shepard* v. *Village of Skaneateles*, 300 N. Y. 115; *Gerzof* v. *Town of Huntington*, 8 A D 2d 841, affd. 8 N Y 2d 788). Ughetta, Acting P. J., Kleinfeld and Rabin, JJ., concur; Hill and Hopkins, JJ., dissent and vote to affirm the judgment.