MARY CHESS, INCORPORATED, et al., Appellants-Respondents, and CATCO, INC. et al., Respondents, *v.* CITY OF GLEN COVE et al., Respondents-Appellants.

Second Department, May 24, 1965.

*Reavis & McGrath (John P. McGrath, Reginald S. Hardy and Marland Gale* of counsel), for appellants-respondents.

*Huntington & Chase (Arden H. Rathkopf* of counsel), for respondents.

*George M. Aronwald* and *Junius P. Wilson, Jr.,* for respondents-appellants.

BENJAMIN, J. This is an action to declare unconstitutional an amendment to the Zoning Ordinance of the City of Glen Cove in the County of Nassau, on the ground that such amendment is confiscatory as applied to plaintiffs' 19-acre tract of land known as Pratt Oval.

The six plaintiff corporations, Chess, Baymore, Cove, Ralsan, Universal and Nylacore, appeal from so much of a judgment as declared the amendment to be nonconfiscatory and constitutional as applied to their property. The defendants cross-appeal from so much of the judgment as declared the zoning ordinance amendment to be confiscatory and unconstitutional as applied to the property of the two remaining plaintiffs, Catco, Inc. and Charles J. Rorech.

Pratt Oval is comprised of a now-vacant, 4-acre interior portion, largely surrounded by 15 acres, now improved with light factory-type buildings. The Oval is not a planned industrial area, but consists rather of the remains of the stables, service shops, auxiliary buildings and horse practice track of a large estate that is no longer in existence.

Prior to 1960 the area was zoned for light industry and the 15-acre perimeter was so used. Beginning about 1950 the residential population of the surrounding areas began to increase. The residents complained about this industrial area; and in 1960 the zoning of Pratt Oval was changed from light manufacturing to an " R2 residential " zone. In an R2 zone the permitted uses are one-family houses, municipal buildings, schools, churches, scientific and research laboratories, farms, libraries, museums, and country clubs.

By reason of the 1960 zoning change, the existing uses of the perimeter parcels in Pratt Oval became nonconforming. The owners of those parcels, together with the owners of the vacant interior parcels, brought this action to declare the 1960 zoning amendment unconstitutional. Special Term held that it was confiscatory and unconstitutional as to the vacant interior parcels, but nonconfiscatory and valid as to the perimeter parcels which already had established nonconforming uses. So holding, Special Term noted that this result was " anomalous, if not absurd," since thereby the peripheral improved parcels were left remaining in a residential zone while the unimproved interior parcels were in effect rezoned for industrial use (see 38 Misc 2d 555, 561).

We agree that such a result is anomalous and untenable. We do not agree that such a self-characterized " absurd " result is inevitable and inescapable. We agree that the 1960 zoning amendment is constitutional with respect to the improved 15 acres in the perimeter. We disagree that it is unconstitutional with respect to the unimproved 4 acres in the interior.

It is clear from this record that Pratt Oval is an inharmonious, overaged industrial area surrounded by a young, healthy, growing residential area of high character. As the surrounding residential area has grown and will continue to grow, the existing inside industrial area has become and will hereafter become progressively less viable. With this natural growth and consequence in mind, it is obvious that the final result reached by Special Term is not merely inconsistent and anomalous; it is also self-defeating.

In sustaining the validity of the zoning change with respect to the improved 15 acres in the perimeter, we are in effect holding that the City of Glen Cove had a right to upgrade its community by taking steps toward the ultimate elimination of the blight of this industrial oval within an otherwise wholly residential area. In other words, we are holding, as did Special Term, that Pratt Oval properly should revert to residential use, as the city's residents desire and as the city's legislative body has decided.

But this holding would be effectively negated and frustrated were we to affirm Special Term's determination that the rezoning is invalid with respect to the now-unimproved interior parcels. If that determination were to stand, new factories would arise on the interior 4 acres. And the existence of these new factories would appreciably retard, if not render impossible, the intended gradual phasing-out of the present industrial uses of the adjoining 15 acres in the perimeter, since those 15 acres

could not be expected to become residential while contiguous to new factories on the interior four acres. In short, if we were to affirm Special Term's determination as to the interior parcels, we would freeze permanently the present industrial uses of Pratt Oval which the rezoning was designed gradually to eliminate — the very same rezoning whose wisdom we claim to be sustaining by our decision in the companion case (*Matter of City of Glen Cove* v. *Buxenbaum*, 23 A D 2d 969, decided herewith).

Special Term apparently believed that the proof clearly established that the interior parcels could not feasibly be used for any of the purposes permitted in an R2 zone. We disagree. The property owners had the burden of showing that the amended ordinance precluded the use of their property for any purpose to which it was reasonably adapted (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222). We do not think they sustained that burden. One attacking the validity of a zoning ordinance must establish its invalidity beyond a reasonable doubt (*Wiggins* v. *Town of Somers*, 4 N Y 2d 215; *Summers* v. *City of Glen Cove*, 21 A D 2d 884). These plaintiffs have at most shown that the validity of this ordinance is debatable. Such showing is not enough.

Any rezoning program inevitably causes loss to some while it brings profit to others. That is not enough reason to strike down such planning if done in good faith. The loss in property value caused to some landowners by rezoning does not make the rezoning confiscatory and unconstitutional as to them (*Levitt* v. *Incorporated Vil. of Sands Point*, 6 N Y 2d 269; *Shepard* v. *Village of Skaneateles*, 300 N. Y. 115).

The upgrading of this community by the elimination of factories from the heart of a thriving, growing residential area was in our opinion a wise and proper exercise of legislative judgment. We cannot allow it to be frustrated by a strained holding that the rezoning was confiscatory and invalid as to the interior parcels.

Accordingly, the judgment, insofar as appealed from by the six plaintiff corporations (Chess *et al.*) should be affirmed, without costs; the judgment, insofar as appealed from by the defendants, should be reversed on the law and the facts, without costs, and judgment directed, without costs, declaring the zoning ordinance amendment nonconfiscatory and constitutional as applied to the property of the two plaintiffs Catco and Rorech. Findings of fact contained in the decision (38 Misc 2d 555) which may be inconsistent with this opinion should be reversed, and new findings made as indicated herein.

BELDOCK, P. J. (dissenting). I dissent in part and vote to affirm the judgment *in toto* for the following reasons:

Pratt Oval in Glen Cove consists of slightly over 19 acres, divided roughly into a 4-acre presently vacant interior area, surrounded by a 15-acre area, presently used for industrial purposes. By a 1960 amendment to the defendant city's Building Zone Ordinance, both areas were reclassified from light manufacturing to residential use. After trial, Special Term found that the 1960 amendment was unconstitutional as to the 4-acre interior area, but constitutional as to the surrounding 15-acre area.

I agree with the conclusion of the majority of this court that the ordinance is constitutional as to the surrounding 15-acre area, but dissent from the conclusion that the ordinance is likewise constitutional as to the 4-acre interior area.

The 4-acre interior area is concededly not suitable for residence purposes, since it is surrounded by substantial and profitably operated factory buildings in the 15-acre area. Although the factory buildings are nonconforming uses, it is unreasonable to assume that these uses will be discontinued or that the buildings will be demolished within the reasonably foreseeable future. To compel the owners of property in the 4-acre interior area to be bound by a zoning ordinance which limits their property to residence or to other uses, which the Special Term on sufficient evidence found to be not economically feasible, is confiscatory. These owners should not be deprived from obtaining now a reasonable use of their property; they should not be compelled to await the passage of an unreasonable, unknown or unpredictable number of years before being permitted to obtain such use (cf. *Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222, 230–232).

The proof here clearly establishes that the interior land "cannot at present or in the immediate future be profitably or reasonably used without violation of the restriction" imposed by the amended ordinance. Where an ordinance "*permanently* so restricts the use of property that it cannot be used for any reasonable purpose" then "it is plain" that the ordinance goes "beyond regulation, and must be recognized as a taking of the property" (*Arverne Bay Constr. Co.* v. *Thatcher, supra,* p. 232).

It is quite true, as indicated by the majority, that every property owner must share the common burdens inevitably imposed by a zoning ordinance. Nevertheless, when such burdens become so grossly disproportionate as to deprive a particular owner

of the substantial use of his property for an unknown and uncertain number of future years, then, as to such owner, the ordinance becomes confiscatory in its effect and unconstitutional.

Stated another way, no owner may be deprived without compensation of the substantial use of his property through the medium of a zoning ordinance ostensibly enacted for the common good. If private property must be taken by a municipality for the public welfare, the appropriate constitutional method is readily available: a condemnation proceeding in which the owner may be compensated for the full value of his property. Judicial sanction should not be given to the utilization of a zoning ordinance as a substitute for a condemnation proceeding, and thereby deprive the owner of the substantial use of his property without just compensation.

CHRIST and HILL, JJ., concur with BENJAMIN, J.; BELDOCK, P. J., dissents in part and votes to affirm the judgment *in toto*, in opinion in which RABIN, J., concurs.

Judgment, insofar as appealed from by the six plaintiff corporations (Chess *et al.*), affirmed, without costs.

Judgment, insofar as appealed from by the defendants, reversed on the law and the facts, without costs, and judgment directed, without costs, declaring the zoning ordinance amendment nonconfiscatory and constitutional as applied to the property of the two plaintiffs, Catco and Rorech.

Findings of fact contained in the decision (38 Misc 2d 555), which may be inconsistent herewith, are reversed, and new findings are made as indicated in the opinion herewith.