Emmett J. Schetepp, J.
On March 21, 1968, after a public hearing, respondents (hereafter referred to as Board) approved the application of petitioner and the Comparato Construction Co., to construct and operate a shopping plaza consisting of “ approximately ” 11 units, and use a five-acre parcel of land, situate at the northeast corner of Bidge Boad and Hudson Avenue in the Town of Irondequoit for such purpose. The approval was conditioned upon development of the land “ substantially ’ ’ in accordance with the submitted site plan, and other conditions, and subject to "compliance with all zoning and building regulations and ordinances of the Town of Irondequoit. A further noticed public hearing was held by the Board on June 19, 1969, as to whether or not the permission, so granted, “ should stand as passed, be amended, or revoked. ’ ’ Following this hearing, the Board made a determination that “ the parking area is insufficient under the law and that the spaces provided and marked are inadequate in size and number,” that this constituted a violation of the law and gave petitioner 30 days to correct the same.
The within proceeding under article 78 of the CPLR seeks to reverse and annul such determination of the Board as arbitrary, capricious and an abuse of discretion and based on an erroneous and unconstitutional interpretation of the Irondequoit Zoning Ordinance and for a further order declaring, that the petitioner’s parking area contains parking space adequate in ,size and number. A transcript of the proceedings was returned with the answer of the Board.
Under the Irondequoit Zoning Law, a parking space is defined as “ The area required for parking one (1) automobile * * * ten (10) feet wide and twenty (20) feet long, not including passage ways.” Section 55-15 entitled “ Offi-street Parking” provides, where applicable here, that parking spaces shall be provided and maintained by the property owner for each building, as follows:
*247 “ C. Restaurant or other eating place — at least one (1) parking space for each three (3) seats.
“ E. Retail stores — stores having two thousand (2000) square feet or less of usable sales area shall provide a minimum of five (5) outdoor parking spaces, plus one (1) space for each two (2) employees. Stores containing more than two thousand (2000) square feet of usable sales area, shall provide for one (1) parking space for each one hundred (100) square feet of usable sales area plus one (1) space for each two (2) employees.”
The construction of the plaza is now completed with provision for 14 uses. Certificates of occupancy were issued for 8 tenants, except 1 certificate was withdrawn by the town. Five uses are now operating without certificates and two are vacant.
The defense by the Board, that the 1968 enactment and the further action by the Board relative thereto were legislative acts not subject to judicial review under article 78 of the CPLR is without merit. The Board reserved to itself the right to grant or deny special exceptions in connection with property in business districts for use as a shopping center or pla^a (§ 55-10, A, [4], [k]) and so, in passing on such applications ¡it exercises judgment or discretion of a character which is reviewable in an article 78 proceeding. (Matter of Rothstein v. County Operating Corp., 6 N Y 2d 728; Matter of Mandis v. Gorski, 24 A D 2d 181, 183; Matter of Tape Vee Corp. v. Town Bd. of Town of Hempstead, 30 A D 2d 702.) However, the court may only intervene where illegality, arbitrariness or abuse of discretion is present. (Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20.)
The Commissioner of Public Works of the Town of Irondequoit testified at the hearing that his computation reflected the need of about 450 parking spaces to comply with the law, based on the measurements of usable sales area made by. the assessors and building departments of the town. His count of actual parking spaces in the plaza totaled 367 to 368, one half of which, he said, were smaller than the required size. The plot plan originally submitted to the Board describes one use as “ pancake house ”, which area now, in whole or part, is actually occupied as a restaurant. There is no proof that any consideration was given to the requirement of 1 space for each 3 seats for a “ restaurant or other eating place.” Uses such as “dry cleaner, barbershop, insurance, beauty shop,” are classified as “personal service shops,” “ not retail stores ” under the law. (§ 55-10, A, [2], [a], [b].) The method of computing the number of parking spaces for such uses in the plaza was not shown at the hearing. There was no showing as to the *248 method used in fixing the number of employees allocated to each use. Accordingly, any determination with respect to “the' insufficiency of the size of the parking area and number of spaces is untenable in view of the failure of the Board to consider the foregoing requirements of the law. While it may very well be that the parking spaces are inadequate in number under the law, petitioner cannot correct an alleged violation without some accurate determination of the factual situation. The hearing itself was called “ concerning whether ” the 1968 resolution “ should stand as passed, be amended or revoked ”, and a substantial difference exists between what was noticed to be considered and what was actually determined. It must also be pointed out that the Board is a statutory body having only such' powers as are expressly conferred upon it and its action in reconsidering the prior decision of March 21, 1968 was irregular, improper and beyond its power and authority. (Town of Greece v. Smith, 256 App. Div. 886, and cases cited therein.) For the foregoing reasons it is held that the determination under review was arbitrary and capricious.
Aside from the foregoing considerations, and more to the heart of the objections, petitioner charges that the Board erroneously interpreted the law in allocating 1 parking space for each 100 quare feet of usable store area for stores in excess of 2,000 square feet, rather than one space for each 100 feet in excess of 2,000 feet, plus the minimum of five parking spaces required for stores up to 2,000 square feet and the required employee parking spaces. The position is taken that the law is unconstitutional if it is interpreted in the manner upon which the Board made its computation of required parking spaces, and thus to save its constitutionality must be interpreted as petitioner contends, under which method he would have the requisite parking spaces.
Although the constitutionality of a zoning ordinance may not be attacked in an article 78 proceeding, the construction and application of an ordinance in an unconstitutional manner may be invalidated in such a proceeding. (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508.) Zoning ordinances must be strictly construed and may not be extended by implication. If doubt exists, the law must be interpreted in favor of the property owner. Where the intention of the Legislature is clearly to be found in the language used, that intention must prevail. The words in the zoning law here are plain, explicit, unambiguous and presumably mean what they say. Strained and specious reasoning is required to interpret the law in the manner claimed by petitioner. The function of the *249 court is to construe the law as it exists and not add words which are not present. Here the language is not vague or indefinite and the legislative intent is clear. (Matter of Monument Garage Corp. v. Levy, 266 N. Y. 339, 344; Westchester County S.P.C.A. v. Mengel, 292 N. Y. 121, 126.) The plain and obvious meaning of the language of the law here is that if more than 2,000 square feet of usable space are involved, there must he one parking space for each 100 square feet of such area, and that is the intention of the law.
The court is not directly asked to pass upon the question as to whether the amount of space required by the law bears any reasonable relationship to the use proposed or that the ordinance is arbitrary, confiscatory or discriminatory and thus unconstitutional or that it is beyond the power of the town to adopt. Questions concerning the constitutionality of the law itself may be raised in enforcement proceedings or actions for a declaratory judgment. (Vernon Park Realty v. City of Mt. Vernon, 307 N. Y. 493; Dowsey v. Village of Kensington, 257 N. Y. 221.) If the petition here, however, set forth a situation appropriate for implementation of the declaratory judgment device, the court under CPLR 103 (subd. [c]) could disregard technical defects and make whatever order may be required. (Matter of Nowak v. Wereszynski, 21 A D 2d 427; Matter of Mandis v. Gorski, 24 A. D 2d 181, 184, 185.)
Although , etitioner submitted proof at the hearing on the question of ' ie reasonableness of the law as applied to it, the Board has not been heard on the said constitutional question, and no evidence thereon in its behalf was adduced in this proceeding.
A mere inspection of the ordinance on its face, even with the proof before the Board, could not permit the court to say that the off-street parking provision for retail stores is unreasonable and not designed to lessen congestion in the streets, promote the public safety and general welfare of the community and in accordance with a comprehensive plan to achieve such purposes. It is presumed to be constitutional, reasonable and valid and the burden of proof to the contrary is on one asserting it, and unreasonableness, invalidity or unconstitutionality must be clear before such a law will be set aside. What the Court of Appeals stated in Town of Islip v. Summers Coal & Lbr. Co. (257 N. Y. 167, 170) applies equally here: 11 The correct rule to apply where 1 underlying questions of fact may condition the constitutionality of legislation of this character ’ is to uphold the presumption of constitutionality in the absence of ‘ some factual foundation of record for overthrowing ’ it. (O’Gormam, & *250 Young, Inc. v. Hartford Fire Ins. Co., 282 U. S. 251, 257.) ” No such foundation is present here.
Further, consideration must be given to the substantial rights of lessees, with and without certificates of occupancy, and mortgagees, who may be appropriate parties in any action wherein the constitutionality of the law is challenged, and their rights should not be prejudiced without permitting them the opportunity to be heard. There are no conceded facts before the court, and with this in mind, along with all of the foregoing considerations, it is plain that the court should not pass on the constitutional aspects of the law in this proceeding, and that declaratory judgment is not appropriate under the circumstances here. (Cf. Matter of Mandis v. Gorski, 24 A D 2d 181, 185, supra.)
It follows, and the court holds, that the determination under review was arbitrary and capricious and accordingly is annulled, and the prayer of this petition granted to the extent indicated herein, without costs.