John R. Tenney, J.
In this article 78 proceeding, petitioners seek to enjoin the respondents from performing what they consider to be an illegal action. A similar proceeding was brought before the Honorable Donald H. Mead, a Justice of the Supreme Court by a group of citizens, including these petitioners, with substantially the same objective. In a carefully worded decision, the proceeding was dismissed under the authority of Doolittle v. Supervisors of Broome County (18 N. Y. 155); Matter of Donohue v. Cornelius (17 N Y 2d 390); St. Clair v. Yonkers Raceway (13 N Y 2d 72).
In the proceeding before Justice Mead, there was no allegation by the petitioners of personal or direct injury. Now peti *381 tioners allege that they will suffer an injury, and thus, are proper parties. In substance, they claim that the proposed road construction would ‘ ‘ materially diminish the value of this property ’ ’ in that it would take it from its present location on a dead-end street with very little traffic to a through street with a greatly increased flow of traffic. There are two questions: (1) Does the petitioner have to have a justiciable controversy to qualify as an aggrieved party?, and (2) if so, does a potential loss of market value as a consequence of a highway improvement qualify?
In considering the first question, the cases are not specific and none appear to have expressly decided this point. The philosophy behind the rule of law is set forth in the opinion of Judge Chase in Schieffelin v. Komfort (212 N. Y. 520). At page 529 he argued that the taxpayer must show his rights are “ specially and particularly affected ”, and he must “ in the action demand and be entitled to relief ’ ’. He went on to say at page 530, that when a controversy arises between litigants the courts will accept jurisdiction. Thus, there must not only be a controversy, but there must be litigation, and the party bringing the action must demand and be entitled to relief. Thus, all three factors must be present to give the court jurisdiction. Therefore, it follows that even though there may be a controversy and litigation, but no right to damages even though there is injury, he would not be an aggrieved party. Judge Chase also said (p. 536): “It will not do to say that the courts should assert jurisdiction * * * to avoid public expense or prevent a wrong for which there is no other immediate remedy. Such a contingency, should be provided against by the legislature or by the people in the Constitution.”
This argument was cited with approval and reaffirmed in St. Clair v. Yonkers Raceway (13 N Y 2d 72) and Matter of Donohue v. Cornelius (17 N Y 2d 390).
In Matter of Donohue v. Cornelius (supra, p. 397) Judge Keating emphasized the requirement that a controversy exist between litigants before the court could accept jurisdiction. Thus, it seems that the answer to the first question must be in the affirmative.
As to question number two, it is well settled in New York that property damage “ in consequence of the work of an improvement in a public street is damnum absque injuria(Fries v. New York & Harlem R. R. Co., 169 N. Y. 270, 277; Sauer v. City of New York, 180 N. Y. 27, affd. 206 U. S. 536; Cities Serv. Oil Co. v. City of New York, 5 N Y 2d 110; Jones Beach Blvd. *382 Estate v. Moses, 268 N. Y. 362; Radcliff’s Executors v. Mayor, et al. of Brooklyn, 4 N. Y. 195; cf. Coffey v. State of New York, 291 N. Y. 494.)
‘ ‘1 In some instances the landowner will suffer a heavy loss * * * but it is damnum absque injuria and the owner must bear it. He often gets the benefit for nothing, when the value of his land is increased by * * * [improvement]. He must bear the burden [of] * * * a depreciation. * * *
' Acts done in the proper exercise of governmental powers, and not directly encroaching upon private property, though their consequences may impair its use, are universally held not to be a taking’. * * * They do not entitle the owner * * * to compensation * * * or give him any right of action. ’ ” (Sauer v. City of New York, 180 N. Y. 27, 31-33, affd. 206 U. S. 536.)
In Cities Serv. Oil Co. v. City of New York (5 N Y 2d 110, 117) Associate Judge Fuld, now Chief Judge, explained the logic behind this reasoning: “we deem it fundamental that, in this area of governmental action, what is best for the body politic in the long run must prevail over the interests of particular parties. (See, e.g. Shepard v. Village of Skaneateles, 300 N. Y. 115, 118.) The interference here complained of must be shouldered by the plaintiffs as one of the inconveniences to be borne by the individual for the larger benefit of the community and the public in general.”
The petitioners are not entitled to relief for consequential damages following this particular change of the road. Therefore, they are not aggrieved parties as required, and their petition must be dismissed.