Rockwell D. Colaneri, J.
The defendant is charged with violations of chapter 54, section 54-3 and section 56-6-A of the Code of the Town of Smithtown, which sections are subject to the penalties provided in section 54-15-1 of the Code. It is alleged that the defendant, a physician, allowed certain premises to be used as a physician’s office in violation of the code in that the office was not a home professional office because the defendant did not reside there.
A search warrant was issued and signed by a Judge of this court which authorized a town investigator of the Town of Smithtown, to make “ a search of the premises including all rooms contained therein to establish a violation of the Building Zone Ordinance of the Town of Smithtown, that said premises are being used for professional purposes.” The defendant has made a motion to vacate the search warrant and to dismiss the information on the grounds that it is defective and based on an unconstitutional ordinance.
A zoning ordinance is presumed to be constitutional, reasonable and valid and the burden of proof to the contrary is on the one asserting it, and unreasonableness, invalidity or unconstitutionality must be clear before such a law will be set aside. (Shepard v. Village of Skaneateles, 300 N. Y. 115; Comparato v. Knauf, 61 Misc 2d 245.) Upon parties who attack an ordinance such as the present rests the burden of showing that the regulation assailed is not justified under the police power of the State by any reasonable interpretation of the facts. If the validity of the legislative classification for zoning purposes be *735 fairly debatable, the legislative judgment must be allowed to control. (Shepard v. Village of Skaneateles, supra.)
The defendant has set forth the argument that the ordinance in question is unreasonable, arbitrary and capricious and thus unconstitutional for the failure to define terminology of the term ‘ ‘ resident ’ ’. Defendant contends that 11 it also therefore becomes an improper delegation of authority to allow building inspectors or Town officials in any particular case to determine when one is or is not a ‘ resident ’.” Defendant cites various definitions of the word “ resident ” and seeks to prove the ambiguity by comparing that term to the word domicile. ‘c Resident ’’ is defined in Webster’s Third International Dictionary as “ dwelling or having an abode for a continued length of time; * * * fixed, stable, resting; * * * not migratory.” Residence is defined as “ the act or fact of abiding or dwelling in a place for some time; an act of making one’s home in a place.” While it is true that residence requires less than domicile, it seems that the term means more than ‘ ‘ place of employment ’ ’.
The statute is clear in its meaning, and even more important in its intent. It is directed towards preventing professional offices from opening or operating in residential districts where the professional man does not also make his home in that place. The statute is not completely restrictive, for it allows a person who makes his home within the zoned area to also have a professional office there. It is true, however, that a person may have more than one residence. If the defendant feels that he comes within the exception to the statute and that he is a resident of the premises in question he may assert that by way of defense at the trial. This is a matter of interpretation which may be decided upon a trial of the issues, but does not seem to be a valid argument to declare the statute unconstitutional.
The question to be determined now is whether it was proper to issue a search warrant in order to inspect the premises involved. The warrant procedure is designed to guarantee that a decision to search private property is justified by a reasonable governmental interest. But reasonableness is still the ultimate standard. (Camara v. Municipal Ct., 387 U. S. 523.) If a valid public interest justifies the intrusion contemplated, then there is probable cause to issue a suitably restricted search warrant (Camara v. Municipal Ct., supra). Where considerations of health and safety are involved, the facts that would justify an inference of “ probable cause ” to make an inspection are clearly different from those that would justify such an inference where *736 a criminal investigation has been undertaken (Frank v. Maryland, 359 U. S. 360). The test of “probable cause ” required by the Fourth Amendment can take into account the nature of the search that is being sought. (Frank v. Maryland, supra.) Both the Camara and Frank cases (supra) deal with the searches of residences and also of commercial buildings by municipal authorities (building and health inspectors, fire marshals, etc.) for violations of the local building, health, sanitation and fire ordinances. In the Frank case it was held that such inspections may be made without first obtaining a search warrant, the theory being that the safety, health and welfare of the community is at stake.
The Camara case overruled the Frank case and held that a search warrant must first be obtained by municipal authorities to search the premises for violations of the local municipal code. There is a strong dissenting opinion in the Camara ease which sets forth the vast numbers of violations that are in existence in our cities, and a good argument is made out of why an inspector should not have to first obtain a search warrant. After reading the several cases (Camara, supra, Frank, supra and See v. City of Seattle, 387 U. S. 541) together with the dissenting opinions, it seems to this court that the same high standards for reasonable grounds required in a criminal matter, are not required in a building or zoning violation. In the instant case, a warrant was issued and this court finds that the granting of the search warrant was entirely reasonable.
The defendant’s motion is denied in its entirety.