B. Thomas Pantano, J.
This is an action to enjoin the defendant from permitting occupancy of his two-family residence by more than two families, as that term is defined in section 23.21 of the Building Zone Ordinance of the Town of North Hempstead. At the trial, it was stipulated that the defendant is the owner of the property in question, which is known as 63 Allen Drive, Manhasset, New York. By the pleadings, it is admitted that the premises lie within a “ Residence C District ”, as the term is used in article VI of the Building Zone Ordinance of the. Town of North Hempstead.
Preliminarily, it should be noted that in a “ Residence 0 District ”, the permitted uses are two-family detached dwellings and telephone exchanges, together with certain other uses not relevant here. (Building Zone Ordinance, Town of North Hempstead, § 6.2.)
The testimony at the trial establishes the following facts:
(1) Thé premises contain, on the main floor, a vestibule, a living room (containing couches, sectional furniture and an end table), a kitchen, and a bedroom, next to which was a full bathroom. Toward the rear was still another room which was occupied by a young woman with a child. All the rooms opened up into a passage way. Access to the second floor is had by going outside the premises and around to the rear thereof where there *865 is a stairway leading to the second floor. A Zoning Inspector for the Town of North Hempstead testified that on the second floor he found a large hallway with eight locked doors along it. He noted a full bath and a kitchen. No persons were present.
In the cellar there was a corridor along which were six doots, all of which were locked at the time of the witness ’s visit. Large numbers of people entering and leaving the premises, together with a large number of automobiles parked along Allen Drive were observed by a Zoning Inspector who so testified.
(2) A letter carrier for the United States post office testified he has carried the mail along a route which included 63 Allen Drive. He delivered the mail to 63 Allen Drive by depositing same in a common mail box. The postman testified to 17 names to whom mail was delivered within a week prior to the trial. He said he had been so delivering mail to 17 names for six to eight months prior to trial although some of the names have changed within the past six months. He had spoken to the individuals on the list of 17 names enumerated in his testimony. This testimony is uncontradicted and accepted as true by the court.
(3) Another witness testified he served 9 copies of an order of Mr. Justice Oppido, dated June 28,1972, on 9 persons in the building. A 10th copy he tacked to the front door.
(4) A witness entered the premises on Saturday, March 11, 1972, to visit a man who lived on the second floor. In the process, he observed 10 to 13 rooms on the second floor, into some of which he could see. He saw a full bed, dresser and two chairs in each open room, and he noted that each room had only one door. Three adults and three or four children were in the hallway at the time and three or four adults were in the open rooms.
The defendant presented no evidence, having rested on the plaintiff’s case.
It is the contention of the defendant that this matter should not be before the court for the reason that section 1 of article 6 of the Housing and Rehabilitation Code of the Town of North Hempstead provides that a notice in writing must be given seven days before the Building Department Manager proceeds to remedy any violation of any provision of the code. Assuming that no notice was given in this case, the court nevertheless disagrees with defendant’s contention. Section 3 of article 6 provides: “Sec. 3. Whenever the Manager of the Building
Department finds that there are or have been recurring, repeated, or continuing violations of any of the provisions of this Code, he may with respect to. the recurring, repeated, or continuing violations, institute immediate appropriate legal action to eliminate such violation or violations.”
*866 The maintenance of a rooming house on premises legally zoned for a two-family dwelling is a continuing violation calling for immediate appropriate legal action. Further, it appears the ordinance contemplates the notice in question as a condition precedent to a criminal action based upon such violation. (Housing & Rehabilitation dode, Town of North Hempstead, art. VH.) The nature of the instant proceeding is not criminal but civil.
The argument has been raised that the zoning ordinance in question here, as it limits fhe use and occupation of premises based upon a definition of the word “family”, is unconstitutional. The court does not agree. The definition attacked is contained in section 23.21 of the Building Zone Ordinance of the Town of North Hempstead, and in section 2(p) of article 1 of the Housing and Rehabilitation Code of the, Town of North Hempstead, and reads as follows in each of the above-mentioned sectiqns: “ Family is one or more persons related by blood, marriage, or legal adoption residing or cooking or warming food as a single housekeeping unit; with whom there may not "be more than two (2) boarders, roomers or lodgers who must live together in a common household. A boarder, roomer or lodger residing within the family household is a person who does or does not pay a consideration therefor to such family for such residence. ” (Amd. Oct. 15,1968.)
A party attacking a zoning ordinance has fhe burden of showing that the regulation is not justified under the police power of the State by any reasonable interpretation of the facts. “ "While precise delimitation is impossible, cardinal is the principle that what is best for the body politic in the long run must prevail over the interests of particular individuals.” (Shepard v. Village of Skaneateles, 300 N. Y. 115,118.) Here, the defendant has failed to carry this burden.
• It was decided by our Court of Appeals in 1938 in Baddour v. City of Long Beach (279 N. Y. 167, 173-174) that restrictions in zoning ordinances limiting a particular area to single family dwellings are constitutional. The court therein stated: 1 ‘ Fundamentally t. zoning ordinances arise out of and are sustained by considerations of the health and welfare of the community. On 'that basis we have sustained use regulations for the segregation in residential districts of detached, one-family houses from multifamily houses and dwellings (Matter of Fox Meadow Estates, Inc., v. Culley, 233 App. Div. 250; affd. 261 N. Y. 506) and of business from residential districts.”
The same applies with regard to two-family houses. The evidence is sufficient to establish and theicourt finds that the defend *867 ant is maintaining premises at 63 Allen Drive, Great Neck, New York, in violation of the Building Zone Ordinance as well as section 3(d) of article II of the Housing and Rehabilitation Code of the Town of North Hempstead in that he is permitting the use of said premises by more than two families as defined in the Building Zone Ordinance.
Therefore, the defendant is hereby enjoined from permitting residence at the .said premises, 63 Allen Drive, Great Neck, New York, at one time by more than two families as that term is defined in section 23.21 of the Building Zone Ordinance of the Town of North Hempstead. The defendant is further ordered promptly to take all necessary steps to remedy the violation which has been determined to exist at the said premises. To give the defendant an opportunity to comply the court hereby grants the defendant a stay in the effect of this injunction for a period of 120 days from the date upon which a signed judgment in this matter shall have been personally served upon said defendant.