■ In the Matter of ROBERT F. DEXTER et al., Respondents-Appellants, v. TOWN BOARD OF THE TOWN OF GATES, Appellant-Respondent.— Order insofar as it denied the Town Board's motion to dismiss petition and directed a hearing unanimously reversed, without costs, motion granted and petition dismissed. Memorandum: On July 12, 1971, the Town Board of the Town of Gates passed a resolution changing the zoning of a certain tract of land from R-8A, a residential zone with limited commercial use, to B-1, a commercial use which permitted the construction of stores for retail sales, which use was not permitted under R-8A. Petitioners sought to have the changes declared invalid as being arbitrary and capricious and not in accordance with the comprehensive town plan adopted in 1963. When the matter was last before this court (40 A D 2d

754), we remitted it "to the Town Board for further proceedings to demonstrate that it acted in accordance with a comprehensive plan." On December 13, 1972, the Town Board passed a resolution setting forth the bases for its initial approval of the zoning change and reaffirming the new zoning classification. The reasons given for the rezoning were that the population of the town had increased, the area surrounding the parcel was already commercially developed, and that a shopping complex would further the general welfare of the community. Petitioners moved at Special Term for an order stating that the "Town Board * * * failed to show that they rezoned property in accordance with a comprehensive plan". The Town Board, claiming that the resolution establishes that the zoning was in accordance with a comprehensive plan, cross-moved for summary judgment. Special Term denied both motions and ordered a trial on the facts. Summary relief is proper because there is only a legal conclusion to be drawn from an undisputed set of facts (*Stone* v. *Goodson,* 8 N Y 2d 8; *Bethlehem Steel Co.* v. *Turner Constr. Co.,* 2 N Y 2d 456). Even if the resolution shows that the rezoning was "fairly debatable", the legislative judgment is controlling (*Village of Euclid* v. *Ambler Realty Co.,* 272 U. S. 365, 388; *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115). We find that the action of the Town Board in adopting the zoning change was not arbitrary or capricious and was in accordance with the general comprehensive planning of the town (*Matter of Town of Bedford* v. *Vil. of Mount Kisco,* 33 N Y 2d 178; *Udell* v. *Haas,* 21 N Y 2d 463, 471–472; *Albright* v. *Town of Manlius,* 34 A D 2d 419, affirmed in this respect 28 N Y 2d 108). We also find that the board acted for the benefit of the community as a whole and not solely for the benefit of an individual (*Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115, 124). (Appeals from order of Monroe Special Term, in article 78 proceeding to annul rezoning.) Present — Marsh, J. P., Moule, Cardamone and Simons, JJ.