John R. Tenney, J.
The petitioners, Town of Remsen and Village of Remsen, as municipalities, bring this CPLR article 78 proceeding to annul a determination of the Superintendent of Banks of the State of New York. The Marine Midland Bank-Central has a branch office in the Village of Remsen and applied to the superintendent for permission to close it and to open another branch at the Mapledale Shopping Center on Route 12. The superintendent acted under the authority of sections 28 and 113 of the Banking Law in approving the change of location of the branch office. Petitioners contend that his actions were arbitrary and capricious, and they further argue that a formal hearing should have been held to explain some of the disputed issues of fact surrounding the proposed change.
The petition must be dismissed. The petitioners are not the proper parties. A municipality has no standing to bring this type of proceeding on behalf of its citizens. It is not an *471 aggrieved party because its rights as a municipality are not "specially and particularly affected”. (Schieffelin v Komfort, 212 NY 520, 529; Matter of Filkins v State of New York, 63 Misc 2d 380.)
Section 65 of the Town Law is no help. It does authorize the town to "institute * * * any action or legal proceeding * * * for the benefit or protection of the town, in any of its rights or property.” This authority is to be utilized in connection with the town’s responsibilities as a governmental body. The town has no authority to institute a taxpayer’s action on behalf of its citizens. The use of public funds for this purpose is a violation of the General Municipal Law. The convenience of the citizens or prevention of damage to the economic well-being of the community is not a proper basis for this type of proceeding by the town or village.
The petition must also be dismissed because section 28 of the Banking Law does not require a hearing. The superintendent is authorized to exercise his discretion in determining whether or not a change of location is justified. There is no indication that he abused this discretion or operated in a manner that could be classified as arbitrary and capricious.
The superintendent had an investigation made and determined from his findings that there was no reasonable objection to the move. There is nothing that could be accomplished by holding a hearing that was not already evident to the superintendent. He is not depriving the municipality or its citizens of banking services since there are admittedly alternative banking facilities available. In his opinion, the existing facility was inadequate and the proposed new facility would L provide better services. The fact that the existing facility could be remodeled and expanded is irrelevant. There is no authority under the statute for the superintendent to require remodeling of an existing facility in order to provide better services.
The only question to be considered is whether the superintendent properly performed his statutory duties. In considering all of the facts, this court cannot say as a matter of law that he acted arbitrarily.
Therefore, the petition is dismissed.